UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:14-cv-23388-KMM

ORLANDO ESTRADA and all others
similarly situated under 29 U.S.C. 216(b),

   Plaintiffs,

v.

FTS USA, LLC,

   Defendant.
_____/

## DEFENDANT FTS USA, LLC'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM [D.E. # 22]

Defendant, FTS USA, LLC ("FTS" or "Defendant"), by and through its undersigned counsel, and pursuant to this Court's Amended Paperless Order of Court Practice in Fair labor Standards Act Cases [D.E. # 21], hereby responds to Plaintiff's Updated Statement of Claim [D.E. # 22] as follows:

Defendant denies that Plaintiff Orlando Estrada ("Estrada") began his employment with FTS on October 10, 2012. Rather, Estrada's date of hire was October 22, 2012. Defendant admits that Estrada's employment with FTS ended on March 24, 2014.

Defendant otherwise disputes Estrada's statement of claim. During his orientation, on October 22, 2012, Estrada executed a Payroll Explanation and Compliance form, which explained that Technicians that work in the field, like Estrada, would be paid based on his production for that week (of course, he would always be paid at least minimum wage for the hours he worked or overtime minimum wage if he worked in excess of 40 hours per week). He further agreed to the assigned rates for each job and agreed that those rates would determine his effective-hourly-rate ("EHR"). Estrada also agreed and understood FTS' policy that he was

1

required to take a non-paid lunch break of 30 minutes for each eight (8) hour work day. Furthermore, since Estrada worked in the field, he understood that he was required to keep daily detailed time records to document and track time worked, which would include tracking his hours from the time he arrived at work site until completion of the final job of the day, including travel time to and from jobs throughout the day, the time he took his lunch break, etc. Finally, Estrada understood and agreed that he was required to list **all** work hours on his timesheet and that under or over-reporting his work hours was, and is, a serious violation of company policy.

Furthermore, Estrada also signed a Paycheck Verification Procedure form in which he further agreed to promptly report any errors or inaccuracies in his pay and the procedures and timing for doing so.

Estrada's pay history demonstrates that these procedures ensured that he received accurate pay and overtime pay. While Estrada claims that he worked 15 hours of overtime each week, that assertion is contradicted by Estrada's pay history. Rather, he worked, on average, 7.3 hours per week of overtime. Furthermore, as documented by his Earning Statements, Estrada was appropriately paid for any such overtime.

Estrada's claim that he did not receive overtime is completely inaccurate. Estrada regularly worked overtime hours and he was appropriately compensated for such time. Specifically, his Earning Statements establish that he was properly paid overtime for the pay periods ending: (1) November 3, 2012; (2) November 17, 2012; (3) December 1, 2012; (4) December 15, 2012; (5) December 29, 2012; (6) January 12, 2013; (7) January 26, 2013; (8) February 9, 2013; (9) February 23, 2013; (10) March 9, 2013; (11) March 23, 2013; (12) April 6, 2013; (13) April 20, 2013; (14) May 4, 2013; (15) May 18, 2013; (16) June 1, 2013; (17) June 15, 2013; (18) June 29, 2013; (19) July 13, 2013; (20) July 27, 2013; (21) August 10, 2013; (22)

August 24, 2013; (23) September 7, 2013; (24) September 21, 2013; (25) October 5, 2013; (26) October 19, 2013; (27) November 2, 2013; (28) November 16, 2013; (29) November 30, 2013; (30) December 14, 2013; (31) January 11, 2014; (32) January 25, 2014; (33) February 8, 2014; (34) February 22, 2014; (35) March 8, 2014; and (36) March 22, 2014. Indeed, Estrada received in excess of $10,000 in overtime pay during this time period.

To the extent Plaintiff seeks time and a half as a method of compensation for alleged overtime, as sserted in his Complaint, that would be an improper method of calculation. Because Estrada was compensated utilizing a "piece rate" payment method, pursuant to 29 CFR § 778.111, he was and is only entitled to overtime compensation at a $.5^{1}$ rate multiplied by his regular rate for the week.

In summary, Plaintiff's FLSA claim fails to state a cause of action. FTS has specific time recording, verification and error reporting policies and procedures. Estrada received and understood those policies and procedures. Estrada, who worked in the field, was responsible for keeping track of his time and verifying that his weekly time records were accurate. Estrada's pay history documents overtime hours worked for which he was properly paid pursuant to 29 CFR § 778.111.

> Fox Rothschild, LLP
> 222 Lakeview Avenue, Suite 700
> West Palm Beach, FL 33401
> Telephone: (561) 835-9600
> Facsimile: (561) 835-9602
>
> By: /s/ Dori K. Stibolt
>   Dori K. Stibolt
>   Florida Bar No. 183611
>   dstibolt@foxrothschild.com
>   Susanne M. Calabrese

---

[1] Plaintiff's Updated Statement of Claim appears to concede this point despite the allegations set forth in his Complaint.

Florida Bar No. 89512  
scalabrese@foxrothschild.com

*Attorneys for Defendants FTS USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Pursuant to this Court's Order of December 1, 2015 [D.E. # 21], documents in support of this Response were also served via Email.

By: */s/ Dori K. Stibolt*  
Dori K. Stibolt

## SERVICE LIST

*United States District Court*
*Southern District of Florida*
Case No. 1:14-cv-2338-KMM

| | |
|---|---|
| J.H. Zidell, P.A.<br>300 71st Street, #605<br>Miami Beach, FL 33141<br>K. David Kelly<br>david.kelly38@rocketmail.com<br>Rivkah Fay Jaff<br>Rivkah.jaff@gmail.com<br>Jamie H. Zidell<br>zabogado@aol.com<br>Telephone: 305-865-6766<br>Facsimile: 305-865-7176<br><br>*Attorneys for Plaintiff* | Fox Rothschild LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>Susanne M. Calabrese<br>scalabrese@foxrothschild.com<br>Telephone: 561-835-9600<br>Facsimile: 561-835-9602<br><br>*Attorneys for Defendant FTS USA, LLC* |

ACTIVE 27833976v2