UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-23388-CIV-MOORE/MCALILEY

ORLANDO ESTRADA,

        Plaintiff,

v.

FTS USA, LLC,

        Defendant.
_____/

**DEFENDANT'S ANSWER TO COMPLAINT**
**UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS**

Defendant, FTS USA, LLC ("FTS" or "Defendant"), by and through its undersigned counsel, files this Answer to Plaintiffs' Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations ("Complaint") and states:

1. The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

2. Admits, upon information and belief, that Plaintiff was a resident of Miami-Dade County, Florida. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 2 of the Complaint.

3. Admits that FTS is a limited liability company. Further admits that FTS is authorized to conduct business and did previously conduct business in this District including Miami-Dade County. Admits, that at certain times, Plaintiff was employed by FTS. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 3 of the Complaint.

4. Denies each and each and every allegation contained in paragraph 4 of the Complaint.

**RESPONSE TO: "COUNT I. FEDERAL OVERTIME WAGE VIOLATION"**

5. Denies each and each and every allegation contained in paragraph 5 of the Complaint.

6. Admitted for jurisdictional purposes only.

7. The allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

8. Admits that Plaintiff was employed by FTS as a technician from October 2012 to March 2014. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 8 of the Complaint.

9. Admits that during Plaintiff's employment it employed individuals engaged in interstate commerce such that it is covered by the FLSA. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 9 of the Complaint.

10. Admits that during Plaintiff's employment it employed more than two individuals engaged in interstate commerce such that it is covered by the FLSA. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 10 of the Complaint.

11. Admits that during Plaintiff's employment its revenues were in excess of $500,000. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 11 of the Complaint.

12. Admits that during Plaintiff's employment its revenues were in excess of $500,000. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 11 of the Complaint.

13. Denies each and each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and each and every allegation contained in paragraph 14 of the Complaint.

**DEFENSES**

1. Plaintiff's claims are barred in whole or part by exemptions, exclusions, exceptions, or credits provided in 29 U.S.C. §§ 207 and 213. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

2. Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259, to the extent that actions taken in connection with Plaintiff's employment were done in good faith in conformity with and reliance upon administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States of Labor. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

3. Plaintiff's claims and damages are barred in whole or in part by the provisions of 29 CFR 778.111.

4. Defendant states that all actions taken related to payment of Plaintiff's compensation, wages and withholdings thereto were made in good faith, and any purported violations of the FLSA are *de minimis*. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

5. Defendant states that Plaintiff was properly compensated under all applicable laws for any and all overtime work as demonstrated by Plaintiff's payroll records, which reflect repeated payment of overtime pay throughout his employment.

6. Defendant states that to the extent any determination is made that wages or overtime compensation were ever owed or are owed to Plaintiff, and further, to the extent that it is determined that Plaintiff worked more than forty (40) hours in a work week and did not receive proper overtime compensation, such overtime was not specifically known by Defendant and, therefore, no liquidated damages would be owing for the nonpayment of such overtime compensation. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

7. Defendant states that the Complaint fails to state a cause of action sufficient to justify the award of liquidated damages in favor of Plaintiff. Defendant FTS has and had

specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

8.  Defendant states that any activities that were for the sole benefit and convenience of Plaintiff do not constitute hours worked as defined by the FLSA.

9.  Defendant states that Plaintiff is estopped from claiming unpaid overtime compensation in that he was responsible for making, keeping, and reporting any alleged overtime hours he worked. Therefore, because Defendant relied upon Plaintiff's verified representations that he was paid all amounts due to him and because Plaintiff did not complain he was owed overtime or make a demand for wages during his employment, Plaintiff is now barred from bringing the claim he purport to make in this action.

10. Defendant states that Plaintiff is estopped from claiming unpaid overtime compensation in that he received proper overtime compensation 35 weeks during his employment for those overtime hours that he reported as required by FTS' timekeeping policies.

11. If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with FTS' timekeeping policies by not reporting or recording such overtime.

12. If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with FTS' procedures to report errors in pay by not reporting such alleged errors.

13.     If Plaintiff is able to show a violation of the FLSA, which is denied, Defendants are entitled to seek a set-off for paid but unearned wages.

14.     Plaintiff has failed to meet his duty of properly mitigating any damages that he may have suffered (such damages are expressly denied); alternatively, any claim for relief must also be set off and/or reduced by wages, compensation, pay, commissions, benefits and all other earnings and remuneration, profit, and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with reasonable diligence.

15.     While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

16.     While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff's claims cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

17.     While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

18.     While it is not clear if Plaintiff is asserting a collective or class action, allowing this action to proceed as a collective action or as a class action would violate Defendant's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the

Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a class-wide basis.

19. In addition to the foregoing defenses, Plaintiff's claims may be subject to additional defenses.

>FOX ROTHSCHILD LLP
>222 Lakeview Avenue, Suite 700
>West Palm Beach, FL 33401
>Telephone: (561) 804-4417
>Facsímile: (561) 835-9602
>
>By: *s/ Dori K. Stibolt*
>Dori K. Stibolt
>Florida Bar No. 183611
>dstibolt@foxrothschild.com
>
>*Counsel for Defendant FTS USA, LLCs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: */s/ Dori K. Stibolt*
>     Dori K. Stibolt

## SERVICE LIST

*United States District Court*
*Southern District of Florida*
Case No. 1:14-cv-2338-KMM

| | |
|---|---|
| J.H. Zidell, P.A.<br>300 71st Street, # 605<br>Miami Beach, FL 33141<br>K. David Kelly<br>David.kelly38@rocketmail.com<br>Rivkah Fay Jaff<br>Rivkah.jaff@gmail.com<br>Jamie H. Zidell<br>zabogado@aol.com<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7176<br><br>*Attorneys for Plaintiff* | FOX ROTHSCHILD LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>Susanne M. Calabrese<br>scalabrese@foxrothschild.com<br>Telephone:  561-835-9600<br>Facsimile:  561-835-9602<br><br><br>*Attorneys for Defendant FTS USA, LLC* |