UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23388-CIV-MOORE/MCALILEY

ORLANDO ESTRADA,

  Plaintiff,

v.

FTS USA, LLC,

  Defendant.

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO TAX COSTS

  The Court has before it Defendant FTS USA, LLC's Renewed Motion to Tax Costs [DE 69], which is fully briefed [DE 72]. The Honorable K. Michael Moore referred the Motion to me. [DE 71]. I recommend that the Court grant that Motion in part.

**I. Background**

  On September 15, 2014, Plaintiff, Orlando Estrada, sued his former employer, FTS USA, LLC, for failing to pay Plaintiff overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). [DE 1].[1] On October 24, 2016, the Court entered summary judgment for Defendant, a decision that the Eleventh Circuit Court of Appeals later affirmed. [DE 59, 68].

  Federal Rule of Civil Procedure 54(d) entitles the Defendant, as the prevailing party, to recover certain of its costs, and in November, 2016, Defendant filed a Motion to

---

[1] Shortly after Plaintiff filed the case, Defendant filed for bankruptcy, which caused this Court to stay this action for a year. [DE 17, 20].

Tax Costs. [DE 64]. The Court stayed that Motion while Plaintiff's appeal was pending. [DE 60, 66]. After the Eleventh Circuit Court of Appeals affirmed the District Court's entry of summary judgment [DE 68], and Defendant timely filed the Renewed Motion to Tax Costs now before the Court, to which Plaintiff filed a response. [DE 69, 72].

## II.   Analysis

Rule 54(d) provides that a prevailing party is entitled to recover its costs as a matter of course. Title 18 U.S.C. section 1920 enumerates the costs the prevailing party may recover. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); 28 U.S.C. § 1920. The prevailing party must make a clear request for costs that allows the Court to determine the costs that party incurred and whether it is entitled to recover them. *Santana v. RCSH Operations LLC*, No. 10-61376-CIV, 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012). The Court may award only those costs authorized by 28 U.S.C. § 1920. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Defendant asks that Plaintiff reimburse $3,388.50 of Defendant's costs. [DE 69, p. 3].

### A.   Deposition Transcripts and Interpreter Fee

Defendant asks that Plaintiff pay the $2,034.60 cost of the transcript of Plaintiff's deposition, $937.50 that Defendant paid an interpreter Defendant used at Plaintiff's deposition, and $285 in costs incurred for the deposition of Lauren Dudley, Defendant's corporate representative. [*Id.*; DE 69-2, pp. 9–10].

Section 1920 authorizes the Court to award the cost of deposition transcripts. 28 U.S.C. § 1920(2) (Defendant may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"). Recovery of the cost of deposition

2

transcripts is permitted here because the Defendant has shown that they were "necessarily obtained for use in the case." *See Santana*, 2012 WL 3779013 at *5–6; *see also W&O, Inc.*, 213 F.3d at 620–21. Specifically, Defendant relied on both transcripts in its motion for summary judgment. [DE 69, p. 3; *see also* DE 48, *Motion for Summary Judgment*, and DE 49, *Statement of Undisputed Material Facts*].

Section 1920 also authorizes the Court to award Defendant the cost of the interpreter it used at Plaintiff's deposition. 28 U.S.C. § 1920(6) (the prevailing party may recover the cost of "compensation of interpreters"). *See also Rodriguez v. Marble Care Int'l., Inc.*, 862 F. Supp. 2d 1316, 1321 (S.D. Fla. 2012).

Plaintiff does not object to the $2,034.60 cost of the transcript of Plaintiff's deposition, or the $937.50 that Defendant paid the interpreter at Plaintiff's deposition. Plaintiff does object to some of the costs associated with Ms. Dudley's deposition; specifically, the cost of (1) expediting that transcript, (2) providing a condensed version of the transcript, and (3) courier delivery of the transcript. [DE 72].

Plaintiff is correct that the costs of these services are not recoverable as they are considered primarily for the convenience of counsel. *See, e.g., Santana*, 2012 WL 3779013 at * 6–7 (denying costs for condensed transcripts, courier service and shipping and handling); *see also Rodriguez v. Super Shine & Detailing, Inc.*, No. 09-23051-CIV, 2012 WL 2119865, at *9 (S.D. Fla. June 11, 2012) (expedited delivery is "considered solely for the convenience of counsel absent a showing that there is need or extraordinary circumstance to justify [the] expense") (quotation marks and citation omitted).

Defendant has not identified any extraordinary circumstance that justified expediting the transcript of Ms. Dudley's deposition, and therefore the Court will not award that cost. The Court would award the cost of a regular transcription, but Defendant has not identified what that cost would have been. [*See* DE 69-2, p. 10]. Without that information, the Court is unable to award any of the costs associated with Ms. Dudley's deposition, and I therefore recommend that the Court not award the $285 associated with Ms. Dudley's deposition, but do award the remaining costs, which total $2,972.10.

**B.    Copying Costs**

Defendant asks that it be compensated the $56.40 cost of photocopying documents it produced to Plaintiff. [DE 69, p. 4]. Plaintiff has not objected to this. [DE 72]. Section 1920 permits "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). Defendant maintains these photocopies were "necessarily obtained for use in the case" because the Court required Defendant to produce them to Plaintiff. [DE 69, p. 4]. I agree and recommend that Defendant recover $56.40 in costs.

**C.    Fees of the Clerk**

Last, Defendant asks to be reimbursed the $75 fee it paid for its counsel's *pro hac vice* admission to the Court. [DE 69, p. 4]. Again, Plaintiff has not objected. [*See* DE 72]. Section 1920 permits recovery of "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1).

Courts in this district have held that *pro hac vice* fees are an expense of counsel and are not taxable under section 1920(1). *See Exhibit Icons, LLC v. XP Companies,*

4

*LLC*, No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009); *Covington v. Arizona Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592, at *4 (S.D. Fla. Jan. 25, 2011), *report and recommendation adopted*, 2011 WL 777883 (S.D. Fla. Mar. 1, 2011); *Osorio v. Dole Food Co.*, No. 07-22693-CIV, 2010 WL 3212065, at *3 (S.D. Fla. July 7, 2010), *report and recommendation adopted*, 2010 WL 3212062 (S.D. Fla. Aug. 12, 2010). The rationale is that a party "ought not to bear a cost resulting from [the other party's] choosing an out of state attorney to defend [itself] when competent in-state attorneys were available." *Exhibit Icons*, 2009 WL 3877667, at *1. On this reasoning, I recommend that Defendant not be awarded its $75 *pro hac vice* fee.

## III.    Recommendation

For the reasons described above, I **RECOMMEND** that the Court **GRANT IN PART** Defendant's Renewed Motion to Tax Costs [DE 69], and award Defendant **$3,028.50** in costs.

## IV.    Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable K. Michael Moore, who is obligated to make a de novo review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 23rd day of

January, 2018.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable K. Michael Moore
Counsel of record

6