UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23388-CIV-MOORE/MCALILEY

ORLANDO ESTRADA,

    Plaintiff,

v.

FTS USA, LLC,

    Defendant.
_____/

### REPORT AND RECOMMENDATION
### ON DEFENDANT'S MOTION FOR SANCTIONS

The Defendant FTS USA, LLC's ("FTS"), the prevailing party, has filed its Renewed Motion for Sanctions (the "Motion"), in which it asks the Court to sanction Plaintiff, pursuant to Federal Rule of Civil Procedure 11 and Florida Statute § 57.105. [DE 70]. The Motion is fully briefed [DE 73, 74], and the Honorable K. Michael Moore has referred it to me. [DE 71]. For the reasons set forth below, I recommend that the Court grant the Motion.

**I.    Background**

On September 15, 2014, Plaintiff, Orlando Estrada, sued his former employer, FTS, for failing to pay Plaintiff overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Specifically, Plaintiff claimed that he worked as a cable box technician from October 2012 until March 2014, for an average of 55 hours a week, and was paid an average of $10.00 per hour, but that Defendant "never paid

[Plaintiff] the extra half time rate for any hours" Plaintiff worked in excess of forty a week as, required by the FLSA. [DE 1, ¶¶ 8, 13]. Plaintiff thereafter filed a Statement of Claim in which he claimed Defendant owed him $5.00 for each of the approximate 15 overtime hours he worked per week. [DE 8].

In its Response to Plaintiff's Statement of Claim, Defendant stated that Plaintiff's Weekly Time Sheets, which he contemporaneously signed, documented that he worked an average 7.3 hours per week of overtime, and that the pay records show that he was properly paid overtime wages using a "piece rate" payment method. [DE 12]. At the time Defendant filed that Response, it also served the Plaintiff with a copy of his Weekly Time Sheets and Earnings Statements as evidence to support its Response. [*See* DE 74, p. 5].

Shortly after Plaintiff filed the case, Defendant filed for bankruptcy, which caused this Court to stay this action for a year. [DE 17, 20]. When the Court reopened the case, Plaintiff filed an Updated Statement of Claim that was redundant of the first Statement of Claim, other than reporting an increase of the attorneys' fees and costs Plaintiff claimed. [DE 22]. Defendant filed a response to that Updated Statement of Claim that in all material respects was the same as its first response. [DE 23]. Defendant's Motion for Sanctions is aimed at paragraph 13 of Plaintiff's Complaint (that claimed Defendant "*never* paid the extra half time rate for *any* hours worked over 40 hours in a week as required by the" FLSA), along with Plaintiff's two statements of claim, in which Plaintiff alleged he was owed $5.00 per hour for each of the average 15 hours of weekly overtime he claimed he had worked. [*See* DE 70].

In compliance with the safe harbor provision of Rule 11(c), on August 3, 2016, before Defendant filed its Motion for Sanctions, it served Plaintiff with a copy of that Motion. [DE 52, p. 6]. Plaintiff did not withdraw or modify the challenged pleadings, and on September 2, 2016, Defendant filed the Motion with the Court. [DE 52].

The Motion for Sanctions claims that the Complaint and Statements of Claim violated Federal Rule of Civil Procedure 11 and Section 57.105, Florida Statutes. [*Id.*]. Defendant's claim that this Court should sanction Plaintiff under the Florida Statute is plainly without merit, as this Court is operating solely under federal question jurisdiction, and the Florida statute has no application here. Thus, the Court addresses only Defendant's claim that Plaintiff and his counsel should be sanctioned under Rule 11.

The Court concluded this case on the merits on October 24, 2016, when it entered summary judgment for Defendant. [DE 48, 59]. The Court stayed Defendant's Motion for Sanctions, while Plaintiff's appeal was pending. [DE 60, 62]. The Eleventh Circuit Court of Appeals later affirmed the District Court's entry of summary judgment [DE 68], and Defendant timely renewed its Motion [DE 70], which is ripe for review [DE 73, 74].

## II. Legal Standard

In pertinent part, Rule 11 provides that when an attorney signs or files a pleading, motion, or other paper, he or she certifies certain things, to the best of his or her knowledge, information and belief, formed after an inquiry reasonable under the circumstances: First, that the pleading is not being submitted for an improper purpose [Rule 11(b)(1)]; second, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending the law [Rule 11(b)(2)]; and third, that the factual

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. [Rule 11(b)(3)]. *See* Fed. R. Civ. P. 11(b). The Rule authorizes courts to sanction attorneys, law firms or parties who have violated these provisions. Fed. R. Civ. P. 11(c)(1). Defendant argues that Plaintiff and his counsel, in filing the Complaint and Statements of Claim, violated the three provisions set forth in Rule 11(b)(1), (2) and (3).

When the Court evaluates a motion for sanctions under Rule 11, it must determine: (1) whether the accused party's claims or assertions are objectively frivolous in view of the facts or law; and if so, then (2) whether the person who signed the pleadings should have been aware that the claims or assertions were frivolous. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). "Both inquiries measure attorney conduct under an objectively reasonably competent attorney standard." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010) (Tjoflat, J., concurring) (citing *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*)); *see also Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1238 (S.D. Fla. 2008).

Defendant, as the party seeking sanctions, must establish both elements, and the Court must resolve all doubts in Plaintiff's favor. *Pharma Supply, Inc. v. Stein et al.,* No. 14-80374-Civ-Cohn, 2015 WL 11439276, at *1 (S.D. Fla. May 27, 2015) (citing *McMahan Sec. Co. L.P. v. FB Foods, Inc.,* No. 8:04-1791-T-24TGW, 2006 WL 2092643, at *2 (M.D. Fla. July 27, 2006)). If the Court does find both elements present, it has the discretion to decide whether to impose sanctions, and the kind of sanctions it may order.

4

*Thompson*, 610 F.3d at 666; Fed. R. Civ. P. 11(c)(1) ("the court *may* impose an appropriate sanction") (emphasis supplied); Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendment ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . .").

**III.   Analysis**

Defendant asks the Court to sanction Plaintiff, his counsel, and his counsel's law firm. [DE 70, p. 1]. The Motion presents only the question of entitlement, that is, whether Plaintiff's challenged statements in the Complaint and Statements of Claim violated Rule 11(b) such that they merit the Court sanctioning Plaintiff. Defendant did not identify particular sanctions it believes the Court should impose, but rather left that question open pending a determination of entitlement, and the parties have not briefed that issue.[1]

Although Defendant invokes three provisions of Rule 11(b), its focus is plainly on the requirement in Rule 11(b)(3) that factual contentions in pleadings have "evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). As noted, Defendant contends that Plaintiff's claim in his Complaint, that he was "never" paid "any" overtime wages, and that he was owed approximately $5 for each hour of his overtime work, was false and had no evidentiary support.

> A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by patently frivolous evidence. When, however, the

---

[1] It appears that Defendant would ask the Court to order Plaintiff to pay an unidentified amount of Defendant's attorney's fees. [*See* DE 70, p. 9].

evidence supporting a claim is reasonable, but only weak or self-serving, sanctions cannot be imposed.

*In re Bankatlantic Bancorp, Inc. Securities Litigation*, 851 F.Supp.2d 1299, 1308 (S.D. Fla. 2011) (citations and quotation marks omitted).

### A. Plaintiff's claim was objectively frivolous

Here, Defendant has provided the Earnings Statements it generated for Plaintiff, that document Defendant's payment to Plaintiff of overtime wages, on many occasions, for hours Plaintiff worked in excess of forty.[2] Those records are undisputed, and they conclusively show that Plaintiff's claim that he was "never" paid "any" overtime wages was just plain wrong.

The records Defendant filed with the Court (and served on Plaintiff at the start of this litigation when it responded to Plaintiff's first Statement of Claim), document that Defendant paid Plaintiff the additional pieceworker one-half rate for those hours Plaintiff worked over forty. [DE 70, pp. 7–8; DE 74, p. 6].[3]

The Code of Federal Regulations allows compensation on a piece-rate basis. 29 C.F.R. § 778.111.[4] Under that system, the employer adds together all sums the employee generated from piece rates and other sources, together with any sums paid the employee

---

[2] The Earnings Statements are filed as Exhibit E to Defendant's Renewed Motion. [*See* DE 70-5, pp. 2-45].

[3] As one example, the Earnings Statement for the pay period ending November 16, 2013, shows that Plaintiff's total earnings for Week 1 was $790.54, and that Plaintiff worked a total of 55.75 hours that week and was compensated at the regular rate of pay of $14.1801. Defendant compensated Plaintiff for his 15.75 hours of overtime at 1.5 times that rate, for a total compensation of $335.00. (1.5 x 14.1801 = 21.27015, and 21.27015 x 15.75 = $335.00) [DE 70-5, p. 31].

[4] This compensation formula does not alter the FLSA's requirement that employees be paid no less than the statutorily-required minimum wage.

6

for waiting time or other hours worked, and divides this number by the hours the employee worked in that week. The resulting figure is the pieceworker's "regular rate" the employee is paid for each hour worked in that week. *Id.* at 778.111(a).[5] An additional sum is paid for hours worked over forty, equal to one half the regular rate. *Id.* "Only additional half-time pay is required in such cases where the employee has already received straight-time compensation at piece rates." *Id.*

Defendant maintains it properly compensated Plaintiff, for all hours he worked, using this method. [DE 70, pp. 7–8]. Defendants provided the Payroll Explanation and Compliance Form that Plaintiff signed when he was hired, which states Plaintiff would be compensated using this method. [*See* DE 70-2, pp. 2–4]. The Weekly Time Sheets Defendant maintained for Plaintiff[6] document overtime hours Plaintiff worked, and those hours are reflected on the Earnings Statements, which as noted, document that Plaintiff received compensation at 1.5 times his regular rate for overtime hours.

With this record, Defendant has clearly established the first element required for finding a violation of Rule 11(b): that Plaintiff's claim in the Complaint that he was "*never* paid the extra half time rate for *any* hours worked over 40 hours in a week as required by the" FLSA, was objectively frivolous in view of the facts. (emphasis supplied). *See Worldwide Primates, Inc.*, 87 F.3d at 1254.[7]

---

[5] This rate is paid for all hours worked, including those over forty.
[6] The Timesheets are filed as Exhibit D to Defendant's Renewed Motion. [*See* DE 70-4, pp. 1–73].
[7] Defendant has not established that the assertion in the Statements of Claim, that Defendant owed Plaintiff $5.00 per hour for approximately 15 hours of overtimes per week, was objectively frivolous. Plaintiff claims, throughout its Response, that Defendant's Weekly Time Sheets are inaccurate because they underreport Plaintiff's overtime hours. [*See*, *e.g.*, DE 73, pp. 4, 11, 15–

### B. Plaintiff's counsel should have been aware that the claim was objectively frivolous

Defendant must also establish that Plaintiff's counsel would have been aware, had he made a reasonable inquiry, that the disputed claim in the Complaint was objectively frivolous. *Worldwide Primates, Inc.* 87 F.3d at 1254; *see also In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d at 1308. The Eleventh Circuit mandates that "under Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit. . . . Absent [certain] extenuating circumstances,[8] an attorney cannot simply rely on the conclusory representations of a client, even if the client is a long-time friend." *Worldwide Primates, Inc.*, 87 F.3d at 1255 (citation omitted).

A number of courts, that have considered imposing sanctions under Rule 11 and 28 U.S.C. section 1927 in FLSA cases, have addressed what would have been a reasonable inquiry by Plaintiff's counsel before filing the lawsuit. Some courts have said this should include "a request to Plaintiff's employer to inspect or copy Plaintiff's time sheets, payroll records, and other relevant records that an employer is required to maintain." *Brown v. M/I Homes of Orlando, LLC*, No. 6:08-cv-528-Orl-28KRS, 2008 WL 5099695, at *2 (M.D. Fla. Nov. 26, 2008); *see also Ford v. Metro Corral Partners, LLC*, No. 6:07-CV-1516-ORL-19KRS, 2008 WL 4936475, at *1 n.1 (M.D. Fla. Nov. 17,

---

16]. It is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate.

[8] The Court identified these extenuating circumstances: the attorney lacked the time to investigate the facts, he was forced to rely solely on his client for information or he had to depend on forwarding counsel or another attorney for information. *Worldwide Primates, Inc.*, 87 F.3d at 1255.

2008). Another court noted that before filing an FLSA action, plaintiff's counsel could file a pure bill of discovery or demand letter, to ascertain whether there is evidentiary support for the plaintiff's claims. *Ortiz v. D & W. Foods, Inc.*, 657 F. Supp. 2d 1328, 1330 (S.D. Fla. 2009). The Eleventh Circuit Court of Appeals has upheld a trial court's imposition of sanctions under Rule 11 and section 1927 in an FLSA action, noting the absence of "meaningful research" by plaintiff's counsel before he filed suit. *Cook-Benjamin v. MHM Correctional Serv., Inc.*, 571 Fed. Appx 944, 949 (11th Cir. 2014).

In this case, had Plaintiff's counsel looked at the Plaintiff's Earnings Statements, they would have seen that Defendant paid Plaintiff overtime wages. Plaintiff stopped working for Defendant in March 2014, and filed suit not long after, in September 2014. Plaintiff's counsel did not say whether their client had any of his Earnings Statements when they discussed his wage claim. If he did not, it would have been a simple matter for Plaintiff's counsel to give Defendant written notice of a possible claim for unpaid overtime and ask that Defendant provide Plaintiff's counsel with those records.[9] Had Defendant produced the records, Plaintiff would have known that his claim that he had never been paid any overtime was false. And, had Defendant refused to produce those records, Plaintiff's counsel could have filed the Complaint with an assertion that on information and belief, after a reasonable opportunity for further investigation, Plaintiff's

---

[9] Alternatively, if the statute of limitations was a concern, Plaintiff's counsel could have filed the Complaint and sent a copy by mail along with a demand for those wage and time records, with an offer to delay service for a period of time sufficient for Defendant to consult with counsel and produce the records.

claim of total denial of overtime wages would have evidentiary support. *See* Fed. R. Civ. P. 11(b) and (b)(3).

Plaintiff's counsel offers no explanation why it made no effort to do any of this. In fact, in their response to Defendant's Renewed Motion for Sanctions, Plaintiff's counsel offers no information about their pre-suit investigation of Plaintiff's claim, other than the offhand statement that "Plaintiff's primary evidence that Defendant violated the FLSA is based on his own recollection of the dates and times he worked. . . ." [*See* DE 73, p. 12].[10]

Plaintiff offered no extenuating circumstances that would have precluded this simple pre-suit inquiry. The Eleventh Circuit has been clear: "[a]bsent such extenuating circumstances, an attorney cannot simply rely on the conclusory representations of a client. . . ." *Worldwide Primates, Inc.*, 87 F.3d at 1255. On this record, the Court is left without doubt that had Plaintiff's counsel made this reasonable inquiry of Defendant, they would have been aware that Plaintiff's claim that he was never paid any overtime, was frivolous.

---

[10] Strikingly, in their response memorandum Plaintiff's counsel avoided the issue raised by the Renewed Motion for Sanctions, and instead offered a pointless critique of the merits of the Court's entry of summary judgment for Defendant, and the Court of Appeals' affirmance of that order, followed by a wholly irrelevant analysis of the standard for sanctions under 28 U.S.C. section 1927; an issue Defendant never raised. The Response also asserted that Defendant's Weekly Time Sheets underreported the hours Plaintiff worked, and suggested Plaintiff might have been able to persuade a jury that he was owed more overtime wages than had been paid. None of this addressed the question: what reasonable inquiry did Plaintiff's counsel make to identify evidentiary support for the claim that Plaintiff had never been paid any overtime wages. [*See* DE 73].

On this record it is clear that the statement in the Complaint, that Defendant "never paid the extra half time rate for any [Plaintiff] hours worked over 40 hours in a week as required by the" FLSA was in violation of Rule 11(b)(3).

With both elements of a violation of Rule 11(b)(3) established, the Court must determine whether to sanction Plaintiff and or his counsel.

### C.   The Court should sanction Plaintiff's counsel

Rule 11 provides that the court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).

I recommend that the Court exercise its discretion to sanction attorney Jamie H. Zidell, the attorney who signed the Complaint, and his law firm J.H. Zidell, P.A. for the frivolous Complaint they filed in this action. Mr. Zidell has been a member of the Florida Bar since 1994. He and his law firm specialize in representing employees in claims brought under the FLSA. In the last year alone, Mr. Zidell's law firm has filed more than 100 such lawsuits. They well knew of their obligations under Rule 11. They easily could have inquired of Defendant, in the manner suggested above, in an effort to verify whether Defendant had paid Plaintiff any overtime wages. Their failure to do so needlessly caused Defendant to incur legal fees and this Court to devote considerable time and attention to this lawsuit.

I further recommend that the Court not impose sanctions against Plaintiff. Under Rule 11, sanctions are typically appropriate against a client who did not sign the

11

pleadings only when the client knowingly misrepresents facts in the pleadings, or when "it is clear that he is the 'mastermind' behind the frivolous case." *Byrne v. Nezhat*, 261 F.3d 1075, 1117–18 (11th Cir. 2001) *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *In re Bankatlantic Bancorp*, 851 F.Supp.2d at 1322. This record gives no indication that Plaintiff misled his attorneys, or was otherwise the "mastermind" behind the challenged statements. There certainly is no suggestion that Plaintiff had any sophistication about litigation. By contrast, Mr. Zidell and his law firm are extremely knowledgeable about FLSA litigation. They decided how to draft the Complaint and they well knew that their client's uncorroborated statements (assuming that's all they had) might well lack evidentiary support. I recommend that they be held accountable for their frivolous Complaint.

Rule 11 provides that a sanction imposed under the Rule "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. (c)(4). The Rule states that sanctions may include nonmonetary directives, an order to pay a penalty into the court or if "warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

The parties have not briefed the nature of sanctions that should be imposed. If the Court adopts my recommendation that it grant Defendant's Motion, I further recommend that it direct the parties to address in memoranda the nature of the sanctions the Court will impose, and once that matter has been briefed, to resolve this final question.

### III. Recommendation

For the reasons described above, the Court **RESPECTFULLY RECOMMENDS** that the Court **GRANT** Defendant's Renewed Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 [DE 70], consistent with the recommendations herein.

### IV. Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable K. Michael Moore, who is obligated to make a de novo review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 23rd day of January, 2018.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable K. Michael Moore
Counsel of record