UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23388-CIV-KMM/CM

| | |
|---|---|
| ORLANDO ESTRADA and all others<br>similarly situated under 29 U.S.C. 216(b),<br><br>                    Plaintiff,<br>          vs.<br><br>FTS USA, LLC,<br><br>                    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION AND FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS AS TO REPORT AND RECOMMENDATON [DE78]

**COMES NOW** the Plaintiff, by and through counsel, and hereby files this Motion for Reconsideration and/or Clarification and for Enlargement of Time to File Objections as to the Report and Recommendation ("R&R) [DE78], and in support thereof states as follows:

1.  On September 15, 2014, Plaintiff initiated the instant case sounding under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA"). [DE1].

2.  Fed. R. Civ. P. 11(c)(2) states in part that "A motion for sanctions must be made separately from any other motion and must describe **the specific conduct** that allegedly violates Rule 11(b)…" [emphasis added].

3.  Defendant's Renewed Motion for Sanctions [DE70], filed on July 11, 2017[1], generally alleges that the entire case was frivolous in light of the fact that Plaintiff was allegedly paid on a piece rate basis contemplated by 29 C.F.R. § 778.109 and was allegedly, therefore, paid for all overtime hours worked.

4.  Not until the filing of Defendant's Reply [DE74 at P.1-2], filed on August 1, 2017[2], did

---

[1] Almost two (2) years <u>after</u> the Complaint was filed.

Defendant for the first time describe **the specific conduct** that allegedly violates Rule 11(b). In said filing [DE74], for the first time in the course of the litigation, Defendant **specifically** focuses on the allegation in the Complaint that Plaintiff was **never** paid overtime, as opposed to the allegation that Plaintiff was not being paid overtime correctly - - or was not paid all overtime due and owing.

5.   It is this **specific** allegation in the Complaint, which was corrected through other material filings (i.e. deposition testimony, submission of affidavit, etc.), that the Honorable Magistrate Judge latches on to in deciding to recommend sanctions against Plaintiff's counsel - - the very same allegation that was not **specifically described** until August 1, 2017[3], in Defendant's Reply [DE74].

6.   Further, as set forth *supra,* the piece rate method of pay does not automatically apply as a matter of course and, as such, Plaintiff did not act in bad faith by not acknowledging the piece-rate method and its corresponding overtime pay in the initial Complaint [DE1].[4] *See also, Walling v. Harnischfeger Corp.,* 325 U.S. 427, 431–32, 65 S. Ct. 1246, 1249, 89 L. Ed. 1711 (1945)("Moreover, where the facts do not permit it, we cannot arbitrarily divide bonuses or piece work wages into regular and overtime segments, thereby creating an artificial compliance with Section 7(a).").

7.   "Regular rate" at which an employee is employed "shall be deemed to include all

---

[2] After a response was already filed to the Motion [DE70].

[3] Apparently, after Plaintiff's response was filed [DE73], Defense counsel decided to focus in on the subject allegation in the Complaint thereby depriving the undersigned the right to fully respond to the specific conduct alleged to be sanctionable.

[4]The R&R finds that, since Defendant's pay stubs show some overtime being paid, that Rule 11 was violated by alleging no overtime was paid. This is incorrect as described *supra.*

remuneration for employment paid to, or on behalf of, the employee…" 29 U.S.C.A. § 207. The

regular rate of pay is computed based on all remuneration paid for employment divided by the

total number of hours actually worked, irrespective of a contrary regular rate in a wage contract.

*Allen v. Bd. of Pub. Educ. for Bibb Cnty.,* 495 F.3d 1306, 1311–12 (11th Cir.2007)." *Giarolo v.*

*Goodwill Indus. of Cent. Florida, Inc.,* No. 6:14-CV-846-ORL-31, 2014 WL 3822960, at *5

(M.D. Fla. July 18, 2014), *report and recommendation adopted,* No. 6:14-CV-846-ORL-31,

2014 WL 3827527 (M.D. Fla. Aug. 4, 2014).

8.   Defendant argues that Plaintiff was paid on a piece-rate basis. 29 C.F.R. § 778.112.

Defendant took the position that Plaintiff's hourly rate was determined by taking the total

number of hours that Plaintiff worked per week and dividing it into the value of the services that

Plaintiff provided based on the rate sheet. Dudley Depo. Trans. P. 34, L.11-17. However,

Plaintiff argued that Defendant's position failed. Plaintiff disputed the veracity of Defendant's

alleged time records and, as such, argued that it was improper for the Court to find that

Defendant paid Plaintiff his overtime as Defendant could not have determined Plaintiff's regular

rate "by totaling all the sums received at such day rates or job rates in the workweek and dividing

"**by the total hours actually worked**" as Defendant did not have records that reflected the total

hours **actually** worked by Plaintiff.[5] [DE54-3 & 54-4]. *See also Perez v. Family Boarding*, Case

---

[5] Travel from jobsite to jobsite and "where an employee is required to report at a meeting place
to receive instructions or to perform other work there, or to pick up and to carry tools, the travel
from the designated place to the work place is part of the day's work, and must be counted as
hours worked regardless of contract, custom, or practice." *See also* 29 C.F.R. § 785.38. This time
spent by Plaintiff was not factored in whatsoever to Plaintiff's hours worked for Defendants and
are not reflected on any of the alleged time records and/or "Billing Orders." Therefore,
Defendant cannot claim Plaintiff was compensated for all his actual hours worked, including his
overtime pay. The time Plaintiff spent working through his alleged meal break was not factored
in whatsoever to Plaintiff's hours worked for Defendants and are not reflected on any of the
alleged time records and/or "Billing Orders." Therefore, Defendant cannot claim Plaintiff was

No. 11-21221 [DE 50] issued by the Honorable Magistrate Judge Simonton (plaintiffs were signing time records showing 40 hours weekly without understanding the content and the Court found there to be "issues of fact regarding whether the time sheets accurately reflected the number of hours that each plaintiff worked during a given pay period." Similarly herein, Plaintiff disputed the validity of the alleged "time records" produced by Defendant. In this case, the Plaintiff swore that he   was made to sign pre-prepared time records." *See also* Estrada Depo. Trans. P.84, L.3-9. This was not a frivolous case to file nor a vexatious one to maintain.[6] *See also,* [DE78, FN7].

9.   Thus, Plaintiff's allegations that he was not paid for all hours worked for Defendant and, therefore, in turn, could not have been paid for any overtime correctly under the piece rate method was justifiable.[7] As set forth in the pleadings in this case (i.e. Response to Motion for Summary Judgment, etc.), the piece rate method of calculation requires that <u>all</u> hours be factored into the total remuneration for each workweek to determine the regular hourly rate upon which overtime is to be calculated and paid. It follows, that if Plaintiff was not paid for <u>all</u> of his hours worked, as per his Affidavits attached hereto and deposition testimony, his hourly rate could not

---

compensated for all his actual hours worked, including his overtime pay. *See also* 29 C.F.R. § 785.18:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

[6] The undersigned is <u>not</u> re-arguing the merits for this case, but rather is explaining why the Complaint was <u>not</u> filed in bad-faith based on the specific "no overtime paid" allegation.

[7] Defendant's paystubs showing some overtime was paid under the piece-rate method does not mean that Plaintiff was correctly paid overtime if the piece-rate method was not correctly applied by Defendant.

ever have been properly determined. Therefore, any overtime payments on Plaintiff's pay stubs paid on a piece rate basis were <u>not</u> overtime payments at all but rather payments to be added in calculating the total remuneration so that his correct hourly rate could be determined pursuant to the applicable CFR requirements.[8] *See also, Walling v. Harnischfeger Corp.,* 325 U.S. 427, 431–32, 65 S. Ct. 1246, 1249, 89 L. Ed. 1711 (1945)("Moreover, where the facts do not permit it, we cannot arbitrarily divide bonuses or piece work wages into regular and overtime segments, thereby creating an artificial compliance with Section 7(a).").

10. In the alternative, as all hours were not computed in determining Plaintiff's regular hourly rate by dividing them into the total remuneration paid for a given workweek, the piece rate method would not have applied at all; therefore, yet again, Plaintiff's allegations in the Complaint [DE1] were justifiable. The alleged "overtime" would have been counted as additional remuneration to determine Plaintiff's <u>regular</u> hourly rate for each workweek and not considered overtime pay.[9] *See also, Walling v. Harnischfeger Corp.,* 325 U.S. 427, 431–32, 65 S. Ct. 1246, 1249, 89 L. Ed. 1711 (1945)("Moreover, where the facts do not permit it, we cannot arbitrarily divide bonuses or piece work wages into regular and overtime segments, thereby creating an artificial compliance with Section 7(a).").

11. The R&R, expounding on the pre-suit investigation that should have taken place, is not alleged in Defendant's Motion and/or Reply and, as the Court *sua sponte* asserts same, Plaintiff did not have an opportunity to respond to same. *See,* [DE78, P.10].

---

[8] *See also, Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 903 (E.D. Tex. 1997), citing 29 C.F.R. 778.114 (*Defendant was required to pay Plaintiff overtime wages as required by law and was not permitted to retroactively deem salary payments as overtime pay.*).

[9] These are the reasons why the allegations in the Complaint stated that "no overtime was paid to Plaintiff." To the extent that the verbiage "not all overtime was correctly paid to Plaintiff by Defendant" would have been, perhaps, a better choice of wording, this usage of the former is simply <u>not</u> sanctionable conduct as described herein.

12. Under *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 603 F.3d 888, 890 (11th Cir. 2010)(emphasis added), the Eleventh Circuit stated that "[t]he panel created no procedural rule requiring pre-suit notice in FLSA cases: even notices from suing lawyers to lawyers to be sued in their individual capacity." As such, the Court holds Plaintiff's counsel to a pre-suit notice or investigation requirement that does not exist and without justification; further, same was not addressed by the defense in its pleading(s) on sanctions.

13. Plaintiff met the minimal pleading requirements in the initial Complaint which apply for FLSA matters. *See*, Fed. R. Civ. P. 8; *See also, Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009); *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). Plaintiff is not required to plead "the precise number of hours worked and applicable pay rates to state an FLSA claim." *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010). Instead, Plaintiff must only allege "that [he] was an employee covered by the FLSA who worked for Defendant, that Defendant failed to pay [his] time-and-a-half wages for [his] overtime hours" and that Defendants are employers subject to the FLSA. *Id.* at *2. Plaintiff did so in the case at bar and Defendant never moved to dismiss said pleading.

14. To the extent that Plaintiff should have alleged "even though Defendant's pay records indicate that some overtime was paid, no overtime was paid correctly because all of Plaintiff's weekly hours were not factored into the piece rate method utilized by Defendant," this would not have made a difference in the course of the litigation. Throughout the instant case, Plaintiff maintained that all of his weekly hours were not accounted for when Defendant determined his Plaintiff's regular and overtime rate of pay. The semantic difference between the former and latter does not constitute bad faith conduct justifying sanctions under Rule 11.

15. Moreover, Defendant served its Rule 11 Motion initially on September 2, 2016. [DE52] –

almost two years after this case was initially filed in 2014! At said time, the deadline to amend pleadings as set forth in the Court's Scheduling Order [DE37] had well passed (6/12/16).[10]

16. The Court in the R&R [DE78, FN 7] found that Defendant has not established that the assertion in the Statements of Claim was objectively frivolous. The R&R is unclear as to which pleading(s) are recommended to be sanctionable conduct, if any, and how the initial Complaint [DE1] was expected to be corrected at the summary judgment stage of the lawsuit.[11] In [DE78, FN 7], the Court even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate."[12]

17. As set forth *supra,* due to the need to correct clear error or manifest injustice, Plaintiff respectfully requests reconsideration of the Court's R&R [DE78]. Additionally, Plaintiff respectfully requests the Court enlarge time for Plaintiff to file his objections to the R&R by fourteen (14) days after the Court has ruled on the instant Motion.

---

[10] Per the Court's Scheduling Order [DE37], "All motions to amend the pleadings or to join additional parties must be filed by the later of forty-five (45) days after the date of entry of this Order, or forty-five (45) days after the first responsive pleading by the last responding defendant." It was too late to formally amend the Complaint when Defendant served its sanctions motion notwithstanding the fact that the sanctions motion alleges that the whole case was frivolous and did <u>not</u> specifically allege that the subject allegation in the Complaint might be amended.

[11] Defense counsel indicated that Defendant will be seeking fees for the appeal as well. Defendant's request for damages and costs pursuant to FRAP 38 has been waived as Defendant has not moved for said relief and the time to move for same has passed. *See,* FRAP 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."); *See also,* 11th Cir. R. 38-1("Time for Filing Motions. Motions for damages and costs pursuant to FRAP 38 must be filed no later than the filing of appellee's brief."). Further, Defendant was required to file a separately consistent with the requirements of FRAP 27 and the corresponding circuit rules. Cross-Reference: FRAP 42; 28 U.S.C. § 1927.

[12] If the Court even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate" and Plaintiff was specifically claiming that said records were inaccurate then sanctions are clearly inappropriate and not justified.

18. Defense counsel has indicated on January 30, 2018, that Defendant plans to seek all fees for the whole case and <u>appeal</u> based on its reading of the R&R.

## **MEMORANDUM OF LAW**

### A.  **Motion for Reconsideration Standard.**

A motion *for reconsideration* may be granted upon the showing of one of three grounds: namely, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc., 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007* (citations omitted).

Plaintiff argues that the Court erred in the R&R [DE78] and there is a need to correct clear error or manifest injustice.[13]

### i.  **Defendant Failed To Describe The "Specific Conduct" The Allegedly Violated Rule 11(b).**

Fed. R. Civ. P. 11(c)(2) states in part that "A motion for sanctions must be made separately from any other motion and must describe **the specific conduct** that allegedly violates Rule 11(b)…" [emphasis added].

Defendant's Renewed Motion for Sanctions [DE70], filed on July 11, 2017, generally alleges that the entire case was frivolous in light of the fact that Plaintiff was allegedly paid on a piece rate basis contemplated by 29 C.F.R. § 778.109 and was allegedly, therefore, paid for all overtime hours worked. The Court states [DE78, P.2] that Defendant's Motion for Sanctions "is aimed at paragraph 13 of Plaintiff's Complaint…along with Plaintiff's two statements of claim…" However, not until the filing of Defendant's Reply [DE74 at P.1-2], filed on August 1, 2017, did Defendant describe **the specific conduct** that allegedly violates Rule 11(b). In said

---

[13] Especially in light of the fact that Defendant's Reply [DE74] was when it first alleged <u>specifically</u> that the allegations in the Complaint was the crux of its Motion for Sanctions.

filing [DE74], over two (2) years after the case was filed, Defendant **specifically** focuses on the allegation that Plaintiff was **never** paid overtime, as opposed to the allegation that Plaintiff was not being paid overtime correctly. It is this specific allegation, which was corrected through other material filings (i.e. deposition testimony, submission of affidavit, etc.), that the Honorable Magistrate Judge latches on to in deciding to recommend sanctions against Plaintiff's counsel - - the very same allegation that was not **specifically described** until August 1, 2017, in Defendant's Reply [DE74]. Defendant and its counsel chose to tenaciously litigate against Plaintiff in excess of approximately three (3) years since the initiation of the lawsuit, prior to filing its Reply [DE74] and describing the <u>specific</u> conduct which allegedly violates Rule 11(b). Defendant's counsel's "pound of flesh" approach should be rejected for reasons explained herein.[14]

### ii.     <u>Plaintiff Did Not Act In Bad Faith By Not Acknowledging The Piece Rate Method In The Initial Complaint [DE1].</u>

The piece rate method of pay does not automatically apply as a matter of course and, as such, Plaintiff did not act in bad faith by not acknowledging the piece-rate method in the initial Complaint [DE1]. The fact that Defendant's pay stubs show some overtime being paid based on

---

[14] Plaintiff respectfully requests the Court take Judicial Notice that much of Defendant's Motion [DE70] was seeking sanctions pursuant to Florida Statute § 57.105 for no comprehensible reason. *See also,* [DE78, P.3]("Defendant's claim that this Court should sanction Plaintiff under the Florida Statute is plainly without merit, as this Court is operating solely under federal question jurisdiction, and the Florida statute has no application here. Thus, the Court addresses only Defendant's claim that Plaintiff and his counsel should be sanctioned under Rule 11."). Defendant's Motion [DE70], due to the frivolous content of the pleading is vexatious and in bad faith in violation of Rule 11 due to the frivolous content of the pleading.  *See, Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001); *See also, Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)(conduct is vexatious and unreasonable when it "results in proceedings that would not have been conducted otherwise[]"). It is ironic, to say the least, that Defense counsel moves for sanctions against the undersigned while, simultaneously, invoking Florida Statute § 57.105 as authority for sanctions.

the piece rate method does <u>not</u> mean that overtime, was in fact, properly paid to Plaintiff by Defendant.

Plaintiff's primary evidence that Defendant violated the FLSA is based on his own recollection of the dates and times he worked, which is further confounded by the fact that Defendant failed to maintain records in accordance with the applicable CFR. *See,* 29 CFR 516.2; *See also, Palma v. Southeast Formwork Construction, LLC, et al.,* Case No. 15-22229-CIV-TORRES [DE64]. Because credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, Plaintiff was justified in responding to Defendant's Summary Judgment and seeking for the Jury to make a determination on the factual issues in dispute. *See also, Medrano v. The Inv. Emporium LLC,* 672 F. App'x 944 (11th Cir. 2016)[15] ("a jury could have determined that the employment records were not proper and accurate for at least some of the contested periods of time…[V]iewing the record in the light most favorable to [plaintiff], there was sufficient evidence to allow a jury to make a reasonable estimate of the hours he actually worked in each week of the relevant period of time."). "[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986).  Such is why the Eleventh Circuit's Pattern Jury Instructions "3.4 Credibility of Witnesses", inter alia, instructs the jury as follows: "You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter." Further, the significant

---

[15] An appeal reversed in Plaintiff's favor and based on disputed time records and Plaintiff's testimony alone in an FLSA case.

impact of an employer's failure to maintain adequate records as required with respect to calculation of FLSA damages can be seen in *Reeves v. International Telephone and Telegraph Corporation*, 616 F.2d 1342, 1351 (5th Cir. 1980), *citing, among other cases, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 687 (1946).  Even if the estimations by plaintiff has been at some point inaccurate, "[i]naccurate wage and hour information, however, is not always fatal to a claim for overtime compensation under the Act.  Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a "sufficient basis" for damages.  *See Reeves, supra.*  The term "employ" is expressly defined as "to suffer **or permit** to work" under 29 U.S.C. § 203(g)(emphasis added).  *See also Anglin v. Maxim Healthcare Services, Inc*., 6:08-CV-689-ORL-22DA, 2009 WL 2473685, at \*2 (M.D. Fla. Aug. 11, 2009).

Consequently, based on the aforesaid facts, Plaintiff, in good faith, argued at summary judgment that questions of material fact regarding the validity and veracity of the documents produced by Defendant, referred to by Defendant as "Estrada's time records," and said alleged "time records" cannot, therefore, form the sole basis of determining whether Plaintiff was properly compensated for his overtime hours as required by the FLSA. This was not a vexatious or frivolous argument to maintain under the facts of this case. The footnote [DE78, FN7] the Court even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate."[16]

Pursuant to 29 C.F.R. § 778.109:

---

[16] If the Court even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate" and Plaintiff was specifically claiming that said records were inaccurate then sanctions are clearly inappropriate and not justified.

> The "regular rate" under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek, with certain statutory exceptions discussed in §§ 778.400 through 778.421. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. The following sections give some examples of the proper method of determining the regular rate of pay in particular instances: (The maximum hours standard used in these examples is 40 hours in a workweek).

"Regular rate" at which an employee is employed "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee…"[17] 29 U.S.C.A. § 207. The "regular rate" under the [FLSA] is a rate per hour. "Furthermore, the "regular rate of pay" for purposes of FLSA overtime calculations is not necessarily the hourly rate agreed to in an employment contract. Rather, the regular rate of pay is computed based on all remuneration paid for employment divided by the total number of hours actually worked, irrespective of a contrary regular rate in a wage contract. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.,* 495 F.3d 1306, 1311–12 (11th Cir.2007)." *Giarolo v. Goodwill Indus. of Cent. Florida, Inc.,* No. 6:14-CV-846-ORL-31, 2014 WL 3822960, at *5 (M.D. Fla. July 18, 2014), *report and recommendation adopted,* No. 6:14-CV-846-ORL-31, 2014 WL 3827527 (M.D. Fla. Aug. 4, 2014).

Defendant argued that Plaintiff was paid on a piece-rate basis. 29 C.F.R. § 778.112 states:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation

---

[17] Had the piece rate method been found <u>not</u> to apply to Plaintiff's work, all overtime stated on Plaintiff's pay stubs would <u>not</u> have counted as overtime but rather factored into the "total remuneration" paid to Plaintiff to determine Plaintiff's regular hourly rate as described herein.

> for services, his regular rate is determined by totaling all the sums
> received at such day rates or job rates in the workweek and
> dividing **by the total hours actually worked**. He is then entitled
> to extra half-time pay at this rate for all hours worked in excess of
> 40 in the workweek. [emphasis added].

Defendant has taken the position that Plaintiff's hourly rate was determined by taking the total number of hours that he worked per week and dividing it into the value of the services that he provided based on the rate sheet. Dudley Depo. Trans. P. 34, L.11-17. However, Plaintiff argued that Defendant's position failed.[18] Plaintiff disputed the veracity of Defendant's alleged time records and, as such, argued that it was improper for the Court to find that Defendant paid Plaintiff his overtime as Defendant could not have determined Plaintiff's regular rate "by totaling all the sums received at such day rates or job rates in the workweek and dividing "**by the total hours actually worked**" as Defendant did not have records that reflected the total hours **actually** worked by Plaintiff.[19] [DE54-3 & 54-4]. *See also Perez v. Family Boarding*, Case No. 11-21221 [DE 50] issued by the Honorable Magistrate Judge Simonton (plaintiffs were signing time records showing 40 hours weekly without understanding the content and the Court found there to be "issues of fact regarding whether the time sheets accurately reflected the number of hours that each plaintiff worked during a given pay period." Similarly herein, Plaintiff disputed the validity of the alleged "time records" produced by Defendant. In this case, the Plaintiff swore that he

---

[18] Had Plaintiff prevailed, any pay stubs showing some overtime being paid under the piece rate method would have been a nullity.

[19] Plaintiff claimed that he was not compensated for all his actual hours worked, including his overtime pay. The time Plaintiff spent working through his alleged meal break is was not factored in whatsoever to Plaintiff's hours worked for Defendants and are not reflected on any of the alleged time records and/or "Billing Orders." Therefore, Defendant cannot claim Plaintiff was compensated for all his actual hours worked, including his overtime pay. *See also* 29 C.F.R. § 785.18. It remains to be determined how Defendant could have filed the instant Sanctions Motion in good faith in light of the contested "time" records and the relaxed evidentiary burden that exists under *Mt. Clemens*.

was made to sign pre-prepared time records."[20] *See also* Estrada Depo. Trans. P.84, L.3-9. This was not a frivolous case to file nor a vexatious one to maintain nor was it frivolous to allege that Plaintiff was never paid overtime based on Plaintiff's theory discussed above.  In the Court's R&R [DE78, FN7] the Court even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate."[21] Thus, Plaintiff's allegations that he was not paid for all hours worked for Defendant and, therefore, in turn, could not have been paid for <u>any overtime</u> correctly under the piece rate method was justifiable.

As set forth in the pleadings in this case (i.e. Response to Motion for Summary Judgment, etc.), the piece rate method of calculation requires that all hours be factored into the total remuneration for each workweek to determine the regular hourly rate upon which overtime is to be calculated and paid. It follows that if Plaintiff was not paid for all of his hours worked, as per his Affidavits [DE54-3, 4] and deposition testimony [DE54-2], his hourly rate could not ever have been properly determined. Therefore, any overtime payments on Plaintiff's pay stubs paid on a piece rate basis were alleged to not be overtime payments at all but rather payments to be

---

[20] Throughout the discovery phase of litigation, Defendant has not provided Plaintiff with all the underlying "Billing Orders" to compare them against Defendant's alleged time records which should have been produced in response to Plaintiff's initial discovery requests (i.e. Request for Production) and pursuant to Rule 26 Disclosure. Nonetheless, Plaintiff contended all his hours are **not** reflected on said Orders and for brevity purposes Plaintiff refers to his Response in Opposition to Defendant's Motion for Summary Judgment to show his and counsel's good faith conduct for filing and maintaining this claim.

[21] If the Court even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate" and Plaintiff was specifically claiming that said records were inaccurate then sanctions are clearly inappropriate and not justified.

added in calculating the total remuneration so that his correct hourly rate could be determined pursuant to the applicable CFR requirements.[22]

In the alternative, as all hours were not computed in determining Plaintiff's regular hourly rate by dividing them into the total remuneration paid for a given workweek, the piece rate method was alleged not to have applied at all; therefore, yet again, Plaintiff's allegations in the Complaint [DE1] were justifiable. The alleged "overtime" would have been counted as additional remunerations to determine Plaintiff's regular hourly rate for each workweek and not considered overtime pay. *See also, Walling v. Harnischfeger Corp.,* 325 U.S. 427, 431–32, 65 S. Ct. 1246, 1249, 89 L. Ed. 1711 (1945)("Moreover, where the facts do not permit it, we cannot arbitrarily divide bonuses or piece work wages into regular and overtime segments, thereby creating an artificial compliance with Section 7(a).").

### iii.   Plaintiff Met The Minimal Pleading Requirements And The Course Of The Litigation Would Not Have Differed Had Plaintiff Alleged The Complaint Differently.

Plaintiff met the minimal pleading requirements in the initial Complaint which apply for FLSA matters. Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).  In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief".  *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

---

[22] *See also, Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 903 (E.D. Tex. 1997), citing 29 C.F.R. 778.114 (Defendant was required to pay Plaintiff overtime wages as required by law and was not permitted to retroactively deem salary payments as overtime pay.).

The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act. The Eleventh Circuit interpreting the *Twombly* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombly* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting ***Twombly*, 127 S. Ct. at 1965**). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, the Southern District of Florida in interpreting *Twombly* as it relates to FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008). stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).
>
> Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.
>
> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.
>
> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). See also *Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") *citation omitted*.

Plaintiff is not required to plead "the precise number of hours worked and applicable pay rates to state an FLSA claim." *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at \*2 (S.D. Fla. Oct. 15, 2010). Instead, Plaintiff must only allege "that [he] was an employee covered by the FLSA who worked for Defendant, that Defendant failed to pay [his] time-and-a-half wages for [his] overtime hours" and that Defendants are employers subject to the FLSA. *Id.* at \*2.

To the extent that Plaintiff should have alleged "even though Defendant's pay records indicate that some overtime was paid, no overtime was paid correctly because all of Plaintiff's weekly hours were not factored into the piece rate method utilized by Defendant," this would <u>not</u> have made a difference in the course of the litigation. Throughout the instant case, Plaintiff maintained that all of his weekly hours were <u>not</u> accounted for when Defendant determined his Plaintiff's regular and overtime rate of pay. The semantic difference between the former and latter does not constitute bad faith conduct justifying sanctions under Rule 11. Moreover, Defendant served its Rule 11 Motion initially on September 2, 2016. [DE52] -- almost two years after this case was initially filed in 2014! At said time, the deadline to amend pleadings as set forth in the Court's Scheduling Order [DE37] had well passed (6/12/16).[23] *See, Diamonds.net LLC v. Idex Online, Ltd.,* 254 F.R.D. 475, 477 (S.D.N.Y. 2008)("Even if Idex had complied with Rule 11's procedural requirements, its motion comes too late."); *See also,* Fed.R.Civ.P. 11 Advisory Committee Notes, 1993 Amendment, 28 U.S.C.A. Rule 11, at 13( "Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely."); *See also, In re Pennie & Edmonds LLP,* 323 F.3d 86, 89 (2d

---

[23] Per the Court's Scheduling Order [DE37], "All motions to amend the pleadings or to join additional parties must be filed by the later of forty-five (45) days after the date of entry of this Order, or forty-five (45) days after the first responsive pleading by the last responding defendant."

Cir.2003) ("Although Rule 11 contains no explicit time limit for serving the motion, the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission."). Defendant's Motion, filed more than two years after the initial Complaint was filed, was foregone that the claim would be withdrawn and awarding sanctions in these circumstances would defeat the goal, apparent from the text of Rule 11(c)(2), of streamlining litigation by allowing the party in the wrong the first opportunity to withdraw an offending paper. *See, Diamonds.net LLC,* 254 F.R.D. 475, 477 (S.D.N.Y. 2008).

The Court in the R&R [DE78, FN 7] found that Defendant has not established that the whole case and/ot assertion in the Statements of Claim was objectively frivolous. "Defendant has not established that the assertion in the Statements of Claim, that Defendant owed Plaintiff $5.00 per hour for approximately 15 hours of overtimes per week, was objectively frivolous." The Court [DE78, FN7] even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate."[24]

Therefore, the Court did not find that the whole case was frivolous. The R&R is unclear as to which pleading(s) are recommended to be sanctionable conduct, if any, and how the initial Complaint [DE1] was expected to be corrected at the summary judgment stage of the lawsuit. *See,* Rule 11, 1993 Advisory Committee Notes, Notes to Subdivision (b) and (c); *Morroni v. Gunderson et al.,* 169 F.R.D. 168, 171 (M.D.Fla.1996) ("[o]rdinarily the motion should be served promptly after the inappropriate paper is filed, and, if

---

[24] If the Court even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate" and Plaintiff was specifically claiming that said records were inaccurate then sanctions are clearly inappropriate and not justified.

delayed too long, may be viewed as untimely ... Given the 'safe harbor' provisions ... a party cannot delay serving its Rule 11 motion until conclusion of the case...."). If the allegation in the initial Complaint [DE1] was the "offending pleading to be corrected", then Defendant's Rule 11 Motion should have been served promptly after the Complaint was filed (i.e. as a Motion to Dismiss, along with the Answer and Affirmative Defenses, etc.) and before the amendment deadline had lapsed for the semantics to have been amended accordingly. *See, Oceanside Lauderdale, Inc. v. Ocean 4660, LLC,* No. 10-60025-CIV, 2011 WL 1327379, at *3 (S.D. Fla. Mar. 8, 2011), *report and recommendation adopted,* No. 10-60025-CIV, 2011 WL 1303133 (S.D. Fla. Apr. 5, 2011).

According to the advisory committee notes following Rule 11, a motion for sanctions "should be served promptly after the inappropriate paper is filed." *Peer v. Lewis,* 606 F.3d 1306, 1313 (11th Cir.2010) (quoting Fed.R.Civ.P. 11, Advisory Committee Note to 1993 Amend.)). Prompt service of the motion is important because Rule 11(c) includes a "safe harbor" period for the offending party to voluntarily withdraw his pleading without consequence. *See* Fed.R.Civ.P. 11(c)(2).[25]

In this case, Defendant's Motion for Rule 11 Sanctions was not "served promptly" after the challenged pleading was filed (i.e. Motion to Dismiss, along with the Answer and Affirmative Defenses, etc.). The challenged pleading as filed over two years after the initial Complaint [DE1] and after the amendment stage – in fact, even after the summary judgment stage. Defendant's Motion was thus clearly filed outside of the time contemplated by Rule 11.

---

[25] Once again, if the Complaint is the alleged sanctionable conduct, it is unclear how the Complaint was expected to be corrected in light of the expiration of the amendment deadline well before the Rule 11 Motion was served.

*Adkins v. Hosp. Auth. of Houston Cty.,* No. 5:04-CV-0080-CAR, 2013 WL 5437636, at *3–4 (M.D. Ga. Sept. 27, 2013).

### iv.   Plaintiff Respectfully Requests An Enlargement Of Time To File Objections To The R&R [DE78].

The Court has discretion to grant enlargements and to amend its scheduling order when good cause is shown. *See Johnson v. Bd. of Regents of Univ. Ga.*, 263 F.3d 1417 (11th Cir. 2011); *See also, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc*., No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08). The foregoing should constitute good cause shown to justify an extension under FRCP 6 and *Hetzel v. Bethlehem Steel Corp*., 50 F.3d 360 (5th Cir. 1995).

The requested enlargement is not sought for the purpose of delay and would not prejudice either Party as this case has already been closed and the R&R is regarding post-judgment issues. Should the Court rule on the issues raised herein, this would streamline and narrow the issues to be addressed by Plaintiff in his objections to the R&R [DE78].

Thus, due to the availability of new evidence and/or an immediate need to correct clear error or manifest injustice, Plaintiff respectfully request reconsideration of the R&R [DE78].

**WHEREFORE** DUE TO THE NEED TO CORRECT CLEAR ERROR OR MANIFEST INJUSTICE, PLAINTIFF RESPECTFULLY REQUESTS RECONSIDERATION OF THE COURT'S R&R [DE78]. ADDITIONALLY, PLAINTIFF RESPECTFULLY REQUESTS THE COURT ENLARGE TIME FOR PLAINTIFF TO FILE HIS OBJECTIONS TO THE R&R BY FOURTEEN (14) DAYS AFTER THE COURT HAS RULED ON THE INSTANT MOTION.

### CERTIFICATE OF CONFERRAL

Defendant opposes the Motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167


By:_s/ J.H. Zidell, Esq. ___
    J.H. Zidell, Esquire
    Florida Bar No.: 10121

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS PROVIDED VIA CM/ECF ON 2/1/18 TO:**

**DORI KATRINE STIBOLT, ESQ.
SUSANNE MARY CALABRESE, ESQ.
FOX ROTHSCHILD LLP
222 LAKEVIEW AVENUE, SUITE 700
WEST PALM BEACH, FL 33401
PH: 561-835-9600
FAX: 561-835-9602
EMAIL: DSTIBOLT@FOXROTHSCHILD.COM
SCALABRESE@FOXROTHSCHILD.COM**

**BY:_____/s/ J.H. Zidell_____
        J.H. ZIDELL, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23388-CIV-KMM/CM

| | |
|---|---|
| ORLANDO ESTRADA and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| FTS USA, LLC, | ) ) |
| Defendant. | ) ) ) |
| _____ | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION AND FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS AS TO REPORT AND RECOMMENDATON [DE78]

This cause, having come before the Court on the Plaintiffs' above-described motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said motion is granted and therefore:

Upon reconsideration of the Court's Order [DE78], the Court rules as follows:

_____.

Plaintiff shall have fourteen (14) days from the date of this Order to file his objections.

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 2018.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRTE JUDGE

Copies to: Counsel of Record