UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23388-CIV-KMM

ORLANDO ESTRADA and all others )
similarly situated under 29 U.S.C. 216(b), )
        Plaintiff, )
    vs. )
  )
FTS USA, LLC, )
        Defendant. )
_____ )

**PLAINTIFF'S COUNSEL'S REPLY TO DEFENDANT'S RESPONSE [DE 82] TO PLAINTIFF'S OBJECTION AND RESPONSE TO REPORT AND RECOMMENDATION [DE 78]**

COMES NOW the undersigned counsel, and replies to [DE 82] as follows:

**MEMORANDUM OF LAW AND ARGUMENT**

A. <u>Plaintiff did not Raise a New Theory as alleged by Defendant</u>.

The Court should reject Defendant's allegations on Page 10 of its Response, where it falsely claims that Plaintiff raises a "new claim" regarding the piece rate argument. Defendant's specious argument goes so far as to allege Plaintiff "tried to generate [a new claim] **after** summary judgment was entered…. (emphasis added)." Plaintiff throughout the litigation claimed that he was "never" paid overtime, because of Defendant's failures to comply with the relevant law regarding piece rates. Plaintiff's summary judgment response [DE 53] was filed on 9/9/16, and therein, at Page 11 *et seq*., Plaintiff discussed 29 C.F.R. § 778.109 (a piece rate regulation) and Defendant's time record obligations as an employer. At Page 12 [DE 53] Plaintiff further argued his piece rate theory regarding 29 C.F.R. § 778.112 along with case law. Counsel will not herein repeat the entire summary judgment response, but rather points the Court to Page 11 *et seq*. of the summary judgment response. The Court should outright reject

1

Defendant's baseless argument that Plaintiff raised a new claim "**after** summary judgment was entered". Defendant's misrepresentation in its Response to Counsel's Objection to the R&R is a transparent attempt to persuade this Court to approve sanctions against Plaintiff's Counsel.[1]

B. <u>Defendant Served its Rule 11 late in the Litigation after Discovery Closed and after Defendant filed it Motion for Summary Judgment and such was done for Strategic and Transparent Purposes, Even the Magistrate could not Confirm the Time Sheet's Accuracy, and Confidentiality was not Violated</u>.

Defendant's response misses the point regarding the "specific conduct" at issue. Defendant seeks sanctions for this entire case, however, not until the filing of Defendant's Reply [DE 58 at P.1-2], filed on 9/26/16, did Defendant describe the specific conduct that allegedly violates Rule 11(b). In said pleading [DE 58], nearly two (2) years after this case was filed on September 15, 2014[2], Defendant specifically focuses on the allegation that Plaintiff was never paid overtime as a basis for Rule 11 sanctions, as opposed to the allegation that Plaintiff was not being paid overtime correctly. It is this specific allegation, which was corrected (or rather clarified) through other material filings (i.e. deposition testimony, submission of affidavit, etc.), that the Honorable Magistrate Judge latches on to in deciding to recommend sanctions against Plaintiff's counsel - - the very same allegation that was not specifically described as alleged sanctionable conduct until 9/26/16, in Defendant's Reply [DE 58]. Defendant and its counsel chose to tenaciously litigate against Plaintiff for approximately two (2) years since the initiation

---

[1]Such litigation tactics by Defendant is not surprising, particularly considering Defendant's specious and baseless arguments under Florida Statute Section 57.105. At best, Defendant on Page 15 of the Response argues that Plaintiff did not move for sanctions against Defendant. However, it is clear Defendant has not pointed to any good faith reason for basing a significant portion of its argument for sanctions, on a clearly inapplicable Florida statute. Even the Magistrate in the R&R [DE 78], at 3 (emphasis added), stated that "Defendant's claim that this Court should sanction Plaintiff under the Florida Statute is **plainly without merit**…." Defendant's response sets forth no good faith basis at all, regarding its frivolous and meritless arguments under Section 57.105.

[2]And <u>after</u> the amendment deadline passed and <u>after</u> Defendant filed its motion for summary judgment.

of the lawsuit filed on September 15, 2014, prior to filing its Reply [DE 58] and describing the specific conduct which allegedly violates Rule 11(b).

As stated in the Objection to the R&R, Defendant served its Rule 11 Motion initially on September 2, 2016. [DE52] -- almost two years after this case was initially filed in 2014.  At said time, the deadline to amend pleadings as set forth in the Court's Scheduling Order [DE37] had well passed (6/12/16).   It appears that Defendant did so strategically and transparently, and waited until after the Plaintiff's deposition, and also after the discovery deadline passed on 8/8/16, and in addition Defendant violated the pretrial motion deadline by filing the motion for sanctions beyond same.[3]   Defendant filed the sanctions motion beyond the pretrial motion deadline, and also past the amendment deadline.  Defendant served its Rule 11 Motion initially on September 2, 2016. [DE52] -- almost two years after this case was initially filed in 2014.  At said time, the deadline to amend pleadings as set forth in the Court's Scheduling Order [DE37] had well passed (6/12/16).  *See, Diamonds.net LLC v. Idex Online, Ltd.,* 254 F.R.D. 475, 477 (S.D.N.Y. 2008)("Even if Idex had complied with Rule 11's procedural requirements, its motion comes too late."); *See also,* Fed.R.Civ.P. 11 Advisory Committee Notes, 1993 Amendment, 28 U.S.C.A. Rule 11, at 13("Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely."); *See also, In re Pennie & Edmonds LLP,* 323 F.3d 86, 89 (2d Cir.2003) ("Although Rule 11 contains no explicit time limit for serving the motion, the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation

---

[3]Under the [DE 37], discovery ended (100) days before the trial period commencing 11/14/16, which fell on Saturday 8/6/16.  Under [DE 37], the pretrial motion deadline ended (80) days before the trial period commencing 11/14/16, and therefore that deadline was 8/26/16; yet Defendant filed the motion for sanctions [DE 52] on 9/2/16—after said deadline lapsed.

when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission.").

**The R&R [DE78, FN7] even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate."** (emphasis added).[4]  In light of same, Counsel objects to the R&R at Page 8, which alleges Counsel should have been aware the claim was objectively frivolous.  Defendant filed its Rule 11 motion initially on September 2, 2016 [DE 52][5] almost two years after this case was initially filed in 2014.  Defendant tries to justify same by arguing that it needed to depose Plaintiff to identify his signatures.  However, since the Plaintiff claimed the hours in the records were inaccurate, and even the Court cannot determine if the records are accurate (as acknowledged by the Magistrate as emphasized **supra**), it does not make sense to claim the allegation in the Complaint (that no overtime was paid) was frivolous, and such demonstrates little basis to justify Defendant serving the Rule 11 so belatedly.  Nevertheless, it is Plaintiff's position that the Rule 11 motion should never have been served or filed at all, as Rule 11 sanctions are not justified in this case.

Counsel objects to Defendant's claim on Page 12 that Plaintiff makes a false claim about Plaintiff signing "pre-prepared time records."  Defendant cites to Plaintiff's deposition testimony at P84 et seq., apparently because Plaintiff in his summary judgment response filed on 9/9/16 states on Page 15 "See also Estrada Depo. Trans. P.84, L.3-9.".     However, Defendant completely ignores the rest of Plaintiff's argument concerning the time records in his summary

---

[4]Since the R&R even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate" and Plaintiff was specifically claiming that said records were inaccurate, then sanctions are clearly inappropriate and not justified.
[5]After Defendant filed its summary judgment motion on 8/26/16 [DE 48].

judgment response at Page 9 *et seq.* For example, on Page 9 of his summary judgment response filed on 9/9/16 Plaintiff states in his Affidavit that, "Every Monday employees, like myself, were required to sign a pre-prepared time-sheet and no one explained to me the details of the document I was signing. I have reviewed the "Employee Weekly Time Sheets" provided by Defendant's that Defendant claims that I was required to sign. Many of these Sheets are not signed by me and many of these Sheets say "unable to sign." I never reviewed and/or was given any underlying documents to support the times reflected in the "in" and "out" columns and I do not know where these numbers were created from as I was not required to clock-in every morning when I arrived at the warehouse and I was not required to clock-out every day after I had finished off-loading my vehicle of Defendant's equipment and returning the work-orders from that day." Counsel will not re-argue the entire Plaintiff's entire summary judgment response herein, but it is notable that the Defendant, in its Response, chose to ignore the rest of the record evidence submitted on these issues. Moreover, Defendant's summary judgment reply [DE 57] does <u>not</u> address the issue of "pre-prepared time records."

As stated in the Objection, the piece rate argument was arguably nullified due to inaccurate time records. The relevant law, such as 29 C.F.R. § 778.112, makes it clear that the piece rate system depends on accuracy with respect to the hours worked weekly by the employee. Plaintiff argued this in his Objection, and, as stated, in his summary judgment response.

The undersigned disagrees with Defendant's allegation in FN6 of the Response, where Defendant erroneously alleges that FN6 of the Objection to the R&R wrongfully discloses confidential settlement negotiations. The Southern District of Florida has held that parties shall not seek to admit evidence pertaining to settlement negotiations between the parties for the

purpose of proving liability for, invalidity of, or amount of a claim, or to impeach through a prior inconsistent statement or contradiction. *Ostrow v. GlobeCast Am. Inc.*, 825 F. Supp. 2d 1267, 1270–71 (S.D. Fla. 2011). *See*, Rule 408 of the Federal Rules of Evidence. First, FN6 of the Objection to the R&R does not even disclose a settlement communication, and does not disclose any monetary figures at all. The intent of the communication was to confer with defense Counsel before filing the motion for reconsideration and/or clarification [DE 79] regarding the R&R. Second, Rule 408 does not apply to FN6, as the purpose of such was clarify that Defendants are unjustifiably seeking sanctions beyond any reasonable Rule 11 scope in this matter. The R&R at Page 12 states in part that "Rule 11 provides that a sanction imposed under the Rule 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.' Fed. R. Civ. P. (c)(4)." Nothing in the R&R indicates that fees for the entire case and appeal are warranted.

WHEREFORE, PLAINTIFF OBJECTS TO THE MAGISTRATE'S RULING [DE 78], AND REQUESTS THE DISTRICT JUDGE TO REJECT THE RULING AND FIND THAT SANCTIONS SHOULD NOT BE IMPOSED AGAINST PLAINTIFF'S COUNSEL, AND FOR THE COURT TO SUSTAIN ALL OF THE OBJECTIONS RAISED BY PLAINTIFF'S COUNSEL.

Respectfully submitted,

**J.H. ZIDELL, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: ZABOGADO@AOL.COM**
**F.B.N. 10121**
**BY:____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**

**CERTIFICATE OF SERVICE:**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT 2/23/18 VIA CM/ECF TO:**

**ALL CM/ECF RECIPIENTS/COUNSEL OF RECORD**

**FOX ROTHSCHILD LLP**
**222 LAKEVIEW AVENUE, SUITE 700**
**WEST PALM BEACH, FL 33401**
**PH: 561-835-9600**
**FAX: 561-835-9602**

**BY:_____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**