UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-23388-MOORE

ORLANDO ESTRADA,

    Plaintiff,

v.

FTS USA, LLC,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant FTC USA, LLC's ("Defendant") Renewed Motion for Sanctions ("Motion") (ECF No. 70).[1] The Court referred the matter to the Honorable Chris. M. McAliley, United States Magistrate Judge, who issued a Report and Recommendation (ECF No. 78) recommending that the Motion (ECF No. 70) be granted. Plaintiff filed Objections (ECF No. 81). Defendants filed a Response to the Objections (ECF No. 82) and Plaintiff filed a Reply (ECF No. 83). The Motion is now ripe for review.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, if the objections are improper, in that they are "conclusory or general" or "simply rehash or reiterate the original briefs to the magistrate judge," *Rodriguez v.*

---

[1] The Motion was fully briefed. Plaintiff filed a Response to the Renewed Motion for Sanctions (ECF No. 73) and Defendant filed a Reply to the Response to the Renewed Motion for Sanctions (ECF No. 74).

*Colvin*, No. 12-CV-3931 (RJS)(RLE), 2014 WL 5038410, at *3 (S.D.N.Y. Sept. 29, 2014), that will not suffice to invoke a district court's *de novo* review of the magistrate judge's recommendations. Thus a court need only review the magistrate judge's report for clear error. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *Faucette v. Comm'r of Soc. Sec.*, No. 13-CV-4851 (RJS) (HBP), 2015 WL 5773565, at *2 (S.D.N.Y. Sept. 30, 2015); *see also Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *5 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.") (quoting *Camardo v. Gen. Motors Hourly Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). This level of review is warranted as "parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Camardo*, 806 F. Supp. at 382.

This Motion stems from an action filed several years ago alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201—216, by failing to pay Plaintiff any overtime wages for hours worked over forty during a one-week period. The Court assumes familiarity with the facts and procedural history but notes that summary judgment was entered against Plaintiff in October 2016. *See* Order Granting Summary Judgment (ECF No. 59).

In the Report, Magistrate Judge MacAliley recommends that Plaintiff's counsel be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure. In opposition, Plaintiff argues that (1) Defendant failed to describe the specific conduct that violated Rule 11(b), (2) Plaintiff could not amend the pleadings due to the applicable deadline, (3) the Motion should be denied as frivolous because of Defendant's inapplicable reference to Section 57.105 of the

Florida Statutes, (4) frivolity under Rule 11 has not been established, and (5) Plaintiff met the minimal pleading requirements and the course of litigation would not have differed if Plaintiff had alleged the claims differently.  In response to Plaintiff's Objections, Defendant argues that (1) Plaintiff misrepresents the record, (2) Plaintiff had the opportunity to amend the record, (3) Plaintiff cannot evade sanctions by creating a new claim not asserted in the Complaint, (4) Plaintiff conflates the pleading and Rule 11 standards, and (5) the Motion is not frivolous because it includes argument pertaining to Statute 57.105.

First the Court notes that Plaintiff's Objections to the Report and Recommendation raise nearly identical arguments to those raised in Plaintiff's Motion for Reconsideration (ECF No. 79), which Magistrate Judge MacAliley denied (ECF No. 80).  Second, the Court concludes that Plaintiff fails to raise any argument that warrants declining adoption of the Report and Recommendation.  It is clear from the Motion that Defendant did indeed identify specific conduct that violated Rule 11(b)—Plaintiff's claim that he was "never paid the extra half time rate for any hours worked over 40 hours in a week as required by the" Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a)(1).  Complaint (ECF No. 1), ¶ 13.  Further, Plaintiff could have amended the Complaint and Statement of Claim but did not do so—any argument pertaining to the deadlines set forth in the Court's Pretrial Order are unavailing and misleading.  Plaintiff's remaining arguments are similarly unpersuasive and the Court finds no clear error on Magistrate Judge MacAliley's part or reason not to adopt the Report and Recommendation.

Accordingly, UPON CONSIDERATION of the Motion, the Parties' briefing on the Motion, the Report and Recommendation, the Objections and Responses to the Report and Recommendation, the pertinent portions of the record, being otherwise fully advised in the premises, and upon a de novo review of the record, the Report and Recommendation (ECF No.

78) is ADOPTED and the Motion (ECF No. 70) is GRANTED. Consistent with Magistrate Judge MacAliley's Report and Recommendation, Defendant shall file a memorandum on the nature of sanctions the Court should impose within thirty (30) days of the date of this Order.

DONE AND ORDERED in Chambers, at Miami, Florida this  16th   day of March, 2018.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      All Counsel of record