UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23388-CIV-KMM

ORLANDO ESTRADA,

                    Plaintiff,

v.

FTS USA, LLC,

                    Defendant.

_____/

## FTS USA, LLC'S MEMORANDUM ON THE NATURE OF SANCTIONS

Defendant, FTS USA, LLC ("FTS"), by and through its undersigned counsel and pursuant to this Court's Order [D.E. # 85] hereby provides its memorandum regarding the nature of sanctions which FTS requests in this matter and states as follows:

## I.     PROCEDURAL AND FACTUAL BACKGROUND

1.     Plaintiff Orlando Estrada ("Estrada" or "Plaintiff") filed his Fair Labor Standards Act ("FLSA") Complaint on September 15, 2014.  See D.E. # 1.  In his Complaint, Plaintiff alleged that he was paid on average $10.00 an hour and worked an average of 55 hours per week for FTS, but was **never** paid the extra half time rate for any hours worked over 40 hours in a week as required by the FLSA.  Id. at ¶ 13 (emphasis supplied).

2.     Plaintiff's Complaint included one claim and was fourteen (14) paragraphs long and the allegations regarding Plaintiff's purported unpaid wages were limited to paragraph 13 of the Complaint.  Id.

3.     The Complaint was signed by attorney J.H. Zidell.  Id.

4.      Plaintiff filed his original Statement of Claim on September 16, 2014, which alleged that he was employed by FTS from October 10, 2012 to March 24, 2014 and claimed he regularly worked 15 hours of unpaid overtime compensation at an uncompensated rate of $5.00 for a total amount of purported unpaid wages of $5,625.00.  See D.E. # 8.

5.      FTS filed its Response to Plaintiff's Statement of Claim and denied the allegations set forth in Plaintiff's Complaint and Statement of Claim and produced documents showing that Plaintiff worked, on average, 7.3 hours per week of overtime.  See D.E. # 12.  Id. Further, FTS produced Plaintiff's Earning Statements which demonstrated that he was properly paid overtime for more than 35 pay periods and that Plaintiff had received in excess of $10,000 in overtime during his employment at FTS.  Id.  FTS' response to Plaintiff's Statement of Claim demonstrated that Plaintiff had received his claimed unpaid overtime wages of $5,625.00 (the amount Plaintiff claimed he was due) plus almost another $5,000.00 in overtime wages from FTS.  Id.

6.      Thereafter, on November 12, 2014, FTS filed a Suggestion of Bankruptcy [D.E. # 15] and this matter was stayed for more than a year until the stay was lifted on December 1, 2015 [D.E. # 20].

7.      After the bankruptcy stay was lifted, Plaintiff filed an Updated Statement of Claim which set forth the exact same allegations regarding Plaintiff's purported unpaid overtime as was set forth in his original Statement of Claim.  See D.E. # 22.  Again, Plaintiff's counsel claimed that Plaintiff  regularly worked 15 hours of overtime a week and was due $5,625.00 in unpaid overtime.  Id.  Plaintiff's counsel made this same allegation, duplicative of the original Statement of Claim, despite the fact that Plaintiff and his attorney had Plaintiff's Earning Statements in their possession, provided on October 28, 2014, which demonstrated that Plaintiff

2

had repeatedly and regularly been paid overtime compensation while employed at FTS.
Moreover, Plaintiff's counsel was aware, based on the Earning Statements that Plaintiff had
received well in excess of the $5,625.00 in unpaid overtime he claimed in his Updated Statement
of Claim.

8.      FTS again responded to Plaintiff's Updated Statement of Claim and provided
extensive documentation to Plaintiff's counsel showing that Plaintiff regularly recorded overtime
hours on his weekly time sheets that he executed and verified and further that Plaintiff regularly
received overtime compensation as reflected in his Earning Statements.  See D.E. # 23.  Those
documents also matched up.  For example, if Plaintiff recorded 16.75 in overtime hours on his
time sheet, he was properly paid for the 16.75 hours of overtime on his Earning Statement for
that pay period.  See D.E. # 49.

9.      FTS also provided to Plaintiff and his counsel, copies of FTS' extensive time
keeping policies and procedures which were executed by Plaintiff and which required Plaintiff, a
technician who mostly worked in the field by himself, to record all hours worked.  See D.E. # 49,
¶¶ 3-9.

10.     This Court required the parties to attend a settlement conference with took place
on February 29, 2016.  FTS' attorney Dori K. Stibolt appeared on behalf of FTS and FTS'
corporate representative appeared by telephone.  See D.E. # 33, 34.

11.     Thereafter, the parties engaged in limited discovery.  Plaintiff took the deposition
of a corporate representative of FTS on June 20, 2016.  At FTS' corporate representative
deposition, which was taken telephonically, FTS' attorney Colin Dougherty appeared on FTS'
behalf.

3

12.     FTS took the Plaintiff's deposition on July 28, 2016.  At Plaintiff's deposition, FTS' attorney Dori K. Stibolt appeared on behalf of FTS.

13.     No written discovery was propounded by either party.

14.     A few days after Plaintiff's deposition, on August 3, 2016, FTS served, but did not file, its Rule 11 Motion for Sanctions on Plaintiff's counsel.  See D.E. # 52-5.

15.     Mediation took place on August 25, 2016, which resulted in an impasse.  See D.E. # 51.  At mediation, FTS' attorney Dori K. Stibolt appeared on behalf of FTS and FTS' corporate representative traveled from Pennsylvania and appeared in person at the mediation as was required.

16.     The day after mediation, FTS filed its Motion for Summary Judgment on August 26, 2016.  See D.E. # 48, 49.

17.     After the Rule 11 safe harbor period had expired, FTS filed its Motion for Sanctions on September 2, 2016[1].  See D.E. # 52.

18.     This Court granted FTS' Motion for Summary Judgment.  See D.E. # 59.

19.     Thereafter, Plaintiff filed a Notice of Appeal.  See D.E. # 60.  The Notice of Appeal was signed by Plaintiff's counsel David Kelly of the law firm J.H. Zidell, P.A.

20.     The United States Court of Appeals for the Eleventh Circuit affirmed this Court's Order granting FTS' Motion for Summary Judgment.

21.     FTS then timely renewed its Motion for Sanctions.  See D.E. # 70.

---

[1] While Plaintiff's counsel has previously complained that it was somehow unfair of FTS to file its Motion for Sanctions after it filed its Motion for Summary Judgment (see D.E. # 81, p. 17), Plaintiff's counsel was well aware of FTS' Motion for Sanction arguments, since Plaintiff's counsel received a copy of the Motion for Sanction shortly after Plaintiff's deposition was completed and more than two (2) weeks prior to FTS filing its Motion for Summary Judgment.

4

22.     On January 23, 2018, Magistrate Judge Chris McAliley issued her Report and Recommendation on Defendant's Motion for Sanctions ("Report") which recommended that the Court grant FTS' Renewed Motion for Sanctions.  See D.E. # 78.

23.     Thereafter, Plaintiff filed a Motion for Reconsideration and/or Clarification and for Enlargement of Time to File Objections as to Report and Recommendation ("Motion for Reconsideration").  See D.E. # 79.  Plaintiff's Motion for Reconsideration was denied (D.E. # 80) and Plaintiff's counsel's Objection followed.

24.     This Court adopted the Report on FTS' Renewed Motion for Sanctions and directed FTS to file this memorandum regarding the nature of sanctions the Court should impose.

## II.     MEMORANDUM OF LAW

### A.     Sanctions Permissible Under Rule 11.

Rule 11 of the Federal Rules of Civil Procedure provides that the nature of the sanction under the rule "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or if imposed on motion and warranted for effective deterrence, an **order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation**."  FED.R.CIV.P. 11(c)(4)(emphasis supplied).

Additionally, Rule 11 sanctions are not measured only at the time of the filing because a party or counsel has a continuing duty to advise the court of any changes regarding the veracity of information before the court.  Woodhull v. Mascarella, 2016 WL 3660527 (M.D. Fla., May 26, 2016).  Rule 11 also applies to "other papers" signed by counsel.  Footman v. Cheung, 341 F. Supp. 2d 1218, 1229 (M.D. Fla., Aug. 30, 2004).

The factors the Court should consider when determining what sanction is appropriate should include:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations. The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons.

FED.R.CIV.P. 11 (Advisory Comm. Notes 1993)

**B.    An Award of FTS' Attorneys' Fees for The Entire Litigation is An Appropriate Sanction in This Matter.**

*1.    Plaintiff's Counsel's Improper Conduct Infected the Entire Litigation.*

In this matter, the paper filed by Plaintiff's counsel that violated Rule 11 was the original Complaint in this action.  The Complaint only included one claim - that Plaintiff Orlando Estrada had never been paid any overtime during his employment at FTS.  See D.E. # 78, 85.  In addition to the fact that the Complaint set forth a frivolous claim, that frivolous claim was also later advocated for by Plaintiff's counsel over the course of this entire litigation and "infected" the whole case.  Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)(Rule 11 obligations are not measured solely at the time of filing.)  All attorneys' fees FTS incurred in defending itself in this matter were as a result of Plaintiff's frivolous claim set forth in the Complaint.

And, even after this Court entered summary judgment in favor of FTS, Plaintiff's counsel filed a Notice of Appeal and further multiplied the proceedings by advocating for a frivolous

claim. <u>See</u> D.E. # 60. And, after the Eleventh Circuit Court of Appeals affirmed the Order

granting Summary Judgment in favor of FTS, Plaintiff's counsel continued litigating this action

by filing multiple Responses to FTS' Motion to Tax Costs and Motion for Sanctions. <u>See</u> D.E. #

72, 73. And, after Magistrate Judge McAliley issued the Report regarding FTS' Motion for

Sanctions, Plaintiff's counsel continued to litigate the matter by filing a Motion for

Reconsideration [D.E. # 79] and then after his Motion for Reconsideration was denied [D.E. # 80

filed Objections to the Report. <u>See</u> D.E. # 81. As a result, the full course of this case was

poisoned by the original Complaint and the appropriate sanction this Court should impose on

Plaintiff's counsel J.H. Zidell and his firm J.H. Zidell, P.A., is an award of FTS' attorneys' fees

incurred in defending itself during the entire case which at present totals $123,715.00[2].

  2. *Plaintiff's Counsel is An Experienced Attorney and Has Been Sanctioned Before*
    *for Similar Behavior.*

  Plaintiff's counsel J.H. Zidell is an experienced attorney. According to the Florida Bar,

he has been a licensed attorney in Florida since 1994. <u>See</u> Florida Bar Information, attached as

Exhibit A. Additionally, a PACER search shows that Plaintiff's counsel is an attorney of record

in 1,940 cases. <u>See</u> PACER search result, attached in part, as Exhibit B. Moreover, Plaintiff's

counsel regularly files FLSA cases.

---

[2] FTS requests sanctions in the form of attorneys' fees and costs that flowed from the frivolous
Complaint. Upon Order of this Court, FTS will, pursuant to local rule requirement, provide
detailed information related to its attorneys' fees (including billing records) to Plaintiff's
counsel. <u>Woodhull v</u>, 2016 WL 3660527 at *7 (Court granted Rule 11 Motion for Sanctions and
directed party seeking attorneys' fees to submit an affidavit within 14 days of the Court order
detailing the amount and reasonableness of the attorney's fees.); <u>Devereaux v. Colvin</u>, 844 F.
Supp. 1508, 1512 (M.D. Fla., Feb. 16, 1994)(Court granted Rule 11 sanctions and ordered the
parties to attempt to reach agreement of the appropriate amount of attorneys
 fees prior to submitting the matter to the Court.)

ACTIVE\55496057.v2-4/16/18

Notwithstanding Plaintiff's counsel's many years of experience and the large number of cases he has filed, Plaintiff's counsel J.H. Zidell has been sanctioned, or has received recommendations for sanctions multiple times before.  See Silva v. Pro Transport, 2017 WL 2189620 (S.D. Fla., May 18, 2017); Rodriguez v. Marble Care, Int'l, Inc., 863 F. Supp. 2d 1168 (S.D. Fla. 2012); Olivas v. A Little Havana Check Cash, Inc., 2008 WL 11333098 (S.D. Fla., Feb. 29, 2008); Felix R. Medina v. 3C Construction Corp., 2006 WL 8434953 (S.D. Fla., Oct. 27, 2006).  As such, Plaintiff's counsel should be sanctioned in this matter in a manner that will finally deter him from engaging in further frivolous FLSA litigation.  The appropriate sanction is to require him and his firm, jointly and severally, to pay the attorneys' fees incurred by FTS in this matter which were directly caused by Plaintiff's counsel's improper behavior.  Bernal v. All American Investment Realty, 479 F. Supp. 2d 1291, 1331 (S.D. Fla., March 23, 2007)(Court awarding attorneys' fees as sanctions took into consideration that the attorney being sanctioned had previously been admonished or sanctioned with no apparent deterrent effect).

**C.     The Timing of FTS' Rule 11 Motion Was Not Unreasonably Delayed.**

It is expected that Plaintiff's counsel will argue that he should not be responsible for FTS' defense fees in this matter based on the timing of FTS' Motion for Sanctions on September 2, 2016.  This argument should be rejected.  The fact that FTS filed its original Motion for Sanction "almost two years after this case was initially filed in 2014" disregards the procedural history of this matter and further ignores the fact that this case was stayed for over a year due to FTS' bankruptcy.

Plaintiff's counsel had more than enough time and further had a unique, second, opportunity to review the claims set forth in Plaintiff's Complaint (and his original Statement of Claim) and assess the validity and accuracy of those claims upon the lifting of the bankruptcy

ACTIVE\55496057.v2-4/16/18

stay in this matter.  Alternatively, Plaintiff's counsel could have assessed the prudence of maintaining and prosecuting Plaintiff's frivolous Complaint during the preparation of the Joint Planning and Scheduling Report [D.E. # 37] which was filed in this matter until March 11, 2016. Shortly thereafter, this Court issued its Scheduling Order, which set forth a variety of deadlines including a deadline for motions to amend the pleadings.  See D.E. # 37.

Despite the fact that Plaintiff's counsel had received detailed Earning Statements from FTS (at the beginning of this litigation) and had received Mr. Estrada's detailed time sheets (the vast majority of which were signed and verified by Plaintiff) when the bankruptcy stay was lifted, it appears that Plaintiff's counsel couldn't be bothered to review the validity or accuracy of the claim set forth in Plaintiff's Complaint and his original Statement of Claim.  Indeed, Plaintiff's Updated Statement of Claim duplicated the exact claim set forth in the original Statement of Claim – that Plaintiff was entitled to $5,625.00 in overtime because he had received no overtime compensation the entire time he was employed at FTS.  Plaintiff's counsel continued to maintain and advocate for a claim with no factual support and in the face of ample records (many of which were executed and verified by Plaintiff) that demonstrated that Plaintiff had received overtime compensation on a regular basis and showed that he had received in excess of $10,000 in overtime compensation during his employment at FTS.  Plaintiff's counsel had the information necessary to amend Plaintiff's Complaint early on in this litigation and well before the deadline to file a motion to amend.  Plaintiff's counsel chose not to amend the Complaint and instead chose to prosecute what was an utterly frivolous claim – that Plaintiff had never been paid overtime.

While Plaintiff's counsel will likely attempt to use the timing of FTS' original Motion for Sanctions (sent to him on August 3, 2016) to avoid having to pay FTS' entire defense fees the

ACTIVE\55496057.v2-4/16/18

timing of the Motion for Sanctions was entirely appropriate.  FTS correctly waited until the deposition of Plaintiff Orlando Estrada was completed, on July 28, 2016, to confirm that the claim set forth in Plaintiff's Complaint had no basis in existing law or fact.  FTS needed to determine if Plaintiff would deny that his signature appeared on FTS' extensive and detailed time keeping policies and procedure.  It was also necessary for FTS to confirm that Plaintiff executed the vast majority of his time sheets which repeatedly documented his overtime hours for which he was paid overtime compensation.  And, in fact, Plaintiff time after time identified and confirmed his signatures on these documents during his deposition.  FTS also needed to verify that Plaintiff had received the overtime compensation set forth in his various Earning Statements, which he also admitted during his deposition.  Upon completion of Plaintiff's deposition, FTS quickly prepared a draft of its Motion for Sanctions and sent it to Plaintiff's counsel on August 3, 2017.  See D.E. # 52-5.

Moreover, Plaintiff's counsel received a copy of the draft Motion for Sanctions prior in time to the mediation in this matter and prior in time to FTS' Motion for Summary Judgment. Accordingly, counsel was on notice before the mediation in this matter and well before the summary judgment briefing that the sole claim asserted in the Complaint was frivolous and subject to sanctions.  Additionally, the original Motion for Sanctions was filed before the Court ruled on FTS' Motion for Summary Judgment.  As a result, FTS' original Motion for Sanctions was timely filed.  Orenshteyn v. Citrix Systems, Inc., 341 Fed App'x. 621, 626 (Fed. Cir. 2009)(The Eleventh Circuit has recently interpreted the safe harbor provision as requiring a motion for Rule 11 sanctions to be filed prior to final judgment.)  The timing of FTS' original Motion for Sanctions was appropriate and timely and Plaintiff's counsel and his firm should not be able to avoid the sanction of paying FTS' defense attorneys' fees.

ACTIVE\55496057.v2-4/16/18

WHEREFORE, Defendant FTS USA, LLC respectfully requests entry of an Order sanctioning Plaintiff's counsel J.H. Zidell and his law firm J.H. Zidell, P.A., jointly and severally, for all of FTS' attorneys' fees incurred in the defense of this matter which presently totals $123,715.00 and for such other and further relief as is just and proper.

FOX ROTHSCHILD LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401
Telephone:  (561) 835-9600
Facsimile:  (561) 835-9602

By:  s/  Dori K. Stibolt
Dori K. Stibolt
Florida Bar No. 183611
dstibolt@foxrothschild.com

*Counsel for Defendant FTS USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/  Dori K. Stibolt*
Dori K. Stibolt

11

## <u>SERVICE LIST</u>

*United States District Court*
*Southern District of Florida*
Case No. 1:14-cv-2338-KMM

| | |
|---|---|
| J.H. Zidell, P.A.<br>300 71st Street, # 605<br>Miami Beach, FL 33141<br>Jamie H. Zidell<br>zabogado@aol.com<br>K. David Kelly<br>David.kelly38@rocketmail.com<br>Rivkah Fay Jaff<br>Rivkah.jaff@gmail.com<br>Stephen M. Fox, Jr.<br>Stephen.fox.esq@gmail.com<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7176<br><br>*Attorneys for Plaintiff* | Fox Rothschild LLP<br>777 South Flagler Drive<br>Suite 1700 West Tower<br>West Palm Beach, FL 33401<br>Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>Susanne M. Calabrese<br>scalabrese@foxrothschild.com<br>Telephone:  561-835-9600<br>Facsimile:  561-835-9602<br><br>*Attorneys for Defendant FTS USA, LLC* |

12