UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 14-23388-CIV-MOORE/MCALILEY

ORLANDO ESTRADA,

    Plaintiff,

v.

FTS USA, LLC.,

    Defendant.
_____/

## ORDER DIRECTING DEFENDANT TO FILE
## BILLING RECORDS

The Honorable K. Michael Moore has determined that Plaintiff's counsel, Jamie H. Zidell, and his law firm J.H. Zidell, P.A., should be sanctioned under Federal Rule of Civil Procedure 11, for their filing of a frivolous complaint. [*See* DE 78, 85]. Judge Moore thereafter directed the parties to brief what sanctions might be appropriate [DE 86, 92], and referred the matter to me for a report and recommendation. [DE 91].

In its memorandum, Defendant asks the Court to order Mr. Zidell and his law firm to pay Defendant all of the fees Defendant incurred in defending this case in this Court and the Court of Appeals: a total of $123,715.00. [DE 86, pp. 7, 11]. In response, Mr. Zidell and his law firm argue that they should not have to pay any amount of attorneys' fees to Defendant; rather they contend the Court should, at most, impose nonmonetary sanctions. [DE 92].

Defendant did not provide this Court with billing records that document Defendant's attorneys' fees. The Court **ORDERS** Defendant to file those records with the Court **no later than June 25, 2018**.

1

When Defendant files those records it must exclude any fees Defendant incurred in connection with Plaintiff's appeal of this case, as this Court has no authority under Rule 11 to order Plaintiff's counsel to pay fees incurred before the Court of Appeals. *See Cooter & Gell v. Hartmarx Corp., et. al.,* 496 U.S. 384, 406-409 (1990). Defendant shall also clearly identify on its billing records those attorneys' fees Defendant incurred arguing in its Motion for Sanctions [DE 52] Renewed Motion for Sanctions [70], and in any reply memorandum or elsewhere, that this Court should sanction Plaintiff pursuant to Florida Statute §57.105.

Plaintiff's counsel may, **no later than June 29, 2018**, file a memorandum no longer than 5 pages in length that identifies any billing entries to which Plaintiff objects and Plaintiff's reasons for considering them unreasonable. This is *not* an opportunity for Plaintiff's counsel to reargue that the Court should not sanction them, or that the Court should not order them to pay monetary sanctions. Plaintiff's counsel shall limit their argument to whether defense counsel's hourly rates, or the time defense counsel devoted to any tasks, were unreasonable.

DONE AND ORDERED in chambers at Miami, Florida this 20th day of June, 2018.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Cc: The Honorable K. Michael Moore
All counsel of record