UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23388-CIV-KMM/CM

ORLANDO ESTRADA and all others )
similarly situated under 29 U.S.C. 216(b), )
)
                Plaintiff, )
  vs. )
)
FTS USA, LLC, )
)
                Defendant. )
_____ )

**PLAINTIFF'S NOTICE OF DEFENDANT'S NON-COMPLIANCE WITH [DE93]**

COMES NOW the Plaintiff, by and through undersigned, and files this Notice of Defendants' Non-Compliance with the Court's Order [DE93], and states as follows:

1. Per the Honorable Magistrate Judge McAliley's Report and Recommendation [DE78], which was adopted by the Honorable District Judge Moore [DE84], the Court found that "Defendant's claim that this Court should sanction Plaintiff under the Florida Statute is plainly without merit, as this Court is operating solely under federal question jurisdiction, and the Florida statute has no application here."

2. Per the Court's Order [DE93], Defendant was Ordered to file its billing records that document Defendant's attorneys' fees and, among other tasks, "clearly identify on its billing records those attorneys' fees Defendant incurred in arguing its Motion for Sanctions [DE 52] Renewed Motion for Sanctions [70], and in any reply memorandum or elsewhere, that this Court should sanction Plaintiff pursuant to Florida Statute § 57.105."

3. Rather than follow the directives of this Court, Defendant filed a Notice [DE94] along with its billing records [DE94-1] that highlighted in yellow fees incurred by Defendant related to Defendant's Motion for Sanctions [DE52] and Renewed Motion for Sanctions [DE70] and **failed**

**to identify fees incurred in arguing in said Motions and/or reply memorandum and/or elsewhere that this Court should sanction Plaintiff pursuant to Florida Statute § 57.105.**

4. "[T]he fee applicant … must supply the court with 'specific and detailed evidence' in an organized fashion. … Where the documentation is inadequate, the court may reduce the award accordingly." *Reppert v. Mint Leaf, Inc.,* 2013 U.S. Dist. LEXIS 17105, at *5 (S.D. Fla. Jan. 31, 2013); *Hensley, 461 U.S.* at 437 (party must "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"). Block-billed, redacted, and vague time entry descriptions support an across-the-board fee reduction. *Machado,* 2010 U.S. Dist. LEXIS 84047, at *9-12 (reducing two groups of block-billed entries by 50% and 75% respectively).

5. Plaintiff, therefore, respectfully requests the Court take Notice of Defendant's failure to comply with the Court's Order [DE93] and Plaintiff's inability to address same.

6. Based on Plaintiff's counsel's calculation, all the highlighted entries total approximately thirty-eight thousand dollars ($38,000.00) which should be deducted automatically. Further, much of the time billed by Defense counsel is excessive and is seeking fees for Defense counsel copying and pasting from prior pleadings in other cases; Defense counsel did not even revise the document as the same typos are common on said pleadings.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

    By:_s/ Rivkah F. Jaff, Esq. ___
       Rivkah F. Jaff, Esquire
       Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 6/27/18 TO:**

**DORI KATRINE STIBOLT, ESQ.
SUSANNE MARY CALABRESE, ESQ.
FOX ROTHSCHILD LLP
222 LAKEVIEW AVENUE, SUITE 700
WEST PALM BEACH, FL 33401
PH: 561-835-9600
FAX: 561-835-9602
EMAIL: DSTIBOLT@FOXROTHSCHILD.COM
SCALABRESE@FOXROTHSCHILD.COM**

**BY:___/s/___Rivkah Jaff_____
RIVKAH JAFF, ESQ.**