UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ORLANDO ESTRADA and all others similarly situated under 29 U.S.C. 216(b), <br> Plaintiff, <br> vs. <br> FTS USA, LLC, <br> Defendant. | ) CASE NO.: 14-23388-CIV-KMM/CM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S COUNSEL'S MEMO AND RESPONSE IN OPPOSITION TO FTS USA, LLC'S BILLING MEMORANDUM FILED PURSUANT [DE 93]**

**COMES NOW** the Plaintiff's Counsel, and states:

The ("R&R") [DE 78], adopted in [DE84], found that "Defendant's claim that this Court should sanction Plaintiff under the Florida Statute is plainly without merit…and the Florida statute has no application here." [DE 93] specifically requires Defendant to identify those filings where Defendant sought to sanction Plaintiff under Section 57.105, which Defendant has failed to do. *See,* Plaintiff's Notice of Defendant's Non-Compliance. Third, the [DE 78] makes clear that one allegation in the Complaint, that no overtime was paid to the Plaintiff, was the only sanctionable conduct—not that the whole case was frivolous. Plaintiff herewith attaches an exhibit regarding specific objections to the billing entries filed by defense Counsel. In *Carro*, a case where both defense counsel Stibolt and Dougherty appeared, this Court applied a 50% reduction due to the excessive amount of time spent in connection with certain entries regarding a sanctions motion. *Carro v. Integrated Tech, Group, LLC*, 14-CV-23788-PAS, 2016 WL 6534456, at *2 (S.D. Fla. Feb. 26, 2016).[1] The undersigned also points to Exhibits "B", "C" and "D" attached showing answers, responses to statement of claim and sanction motions that defense Counsel filed in other cases (some on behalf of FTS). Given the copy and paste stark similarities (typos included from prior pleadings filed prior to the ones filed in the case at bar)[2],

---

[1]See also attached cases in Exhibit A, where Magistrate McAliley recommended an "85% reduction", a "45%" reduction, an "across-the-board adjustment of 75%", a reduction regarding "each timekeeper by 40%", "a 40% reduction", "an overall 17% reduction of the fees attributable to each Defendant", and discussed Judge Moore's holding that recovery of fees is limited to those that were a "direct result" of the Rule 11 violation.

[2]*See*, Exhibit C attached, where in the initial paragraph defense Counsel includes the typo "and (3) and…" in the sanctions motions in both the case at bar, and the *Hines-Ross v. Wells Fargo Bank, N.A.* matter. Both matters also contain that same typo in the Conclusion sections of the respective sanctions motions.

the undersigned asks the Court to significantly reduce[3] as excessive Defendant's ledger entries [DE 94-1] on the following dates: 4/2/18, 4/12/18, 4/15/18, 4/15/18, 3/16/18, 3/19/18, 3/20/18, 3/30/18, 8/1/17, 7/6/17, 7/7/17, 7/7/17, 7/10/17, 7/11/17, 6/12/17, 6/16/17, 5/30/17, 5/31/17, 9/2/16, 8/2/16, 7/27/16, 7/29/16, 4/18/16, 3/29/16, 3/30/16, 1/1/16, 1/5/16, 1/5/16, 10/22/14, 10/24/14, 10/24/14, 10/28/14, and 10/28/14.[4] [5]

Plaintiff objects to defense Counsel's excessive hourly rates including the amount of $425 per hour.  Defense Counsel Stibolt's rate goes from $455, (Sept. 2016) to $450, and then to (late 2016/early 2017) $425.  "Furthermore, rates of $300 per hour and $325 per hour have also been called the "upper end of reasonableness" in the FLSA context. *See Brandt v. Magnificent Quality Florals,* No. 07-20129-CIV, 2011 WL 4625379, at *8 (S.D. Fla. Sept. 30, 2011)." *Mann v. Falk*, No. 11-14432-CIV, 2013 WL 12095524, at *3 (S.D. Fla. Feb. 11, 2013).*See Thompson v. Healthy Home Envtl., LLC,* 2016 WL 4472991, at *4 (M.D. Fla. July 27, 2017), *report and recommendation adopted*; *McMillan v. MasrtechGrp., Inc.,* 2014 WL 4297905, at *7 (M.D. Fla. Aug. 28, 2014) (finding that $350 per hour was reasonable for an attorney with 18 years of experience).[6]  The undersigned also refers to the attached order from *De Oliveira Sa v. A-Maculate Cleaning Service, Inc*., 17-21400-WILLIAMS/TORRES, [DE 46], at 6 (S.D. Fla. 6/14/18), where this Court reduced plaintiff's counsel's rate from a premium rate down to $275

---

[3]Or eliminate all together for bad-faith billing as discussed herein.  The copy and paste entries are further identified on Plaintiff's attached Chart of objections to specific billing entries.
[4] In *Reyes*, "[g]iven the severity of the time-keeping errors, the 85% reduction was a reasonable sanction and does not constitute an abuse of discretion."  *Reyes v. Aqua Life Corp*., 632 Fed. Appx. 552, 558 (11th Cir. 2015).  The Court found that "[t]he egregious conduct here, namely, the repeated and inexcusable improper billing entries, meets the objective recklessness standard for bad faith."  *Reyes v. Aqua Life Corp.,* 632 Fed. Appx. 552, 557 (11th Cir. 2015).
[5]"The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman,* 836 F.2d at 1303." *Am. Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).  Defendant seeks sanctions for this entire case, however, not until the filing of Defendant's Reply [DE 58 at P.1-2], filed on 9/26/16,[5] did Defendant describe the specific conduct that allegedly violates Rule 11(b). In said pleading [DE 58], nearly two (2) years after this case was filed on September 15, 2014, Defendant specifically focuses on the allegation that Plaintiff was never paid overtime as a basis for Rule 11 sanctions, as opposed to the allegation that Plaintiff was not being paid overtime correctly.
As indicated by the attached e-mails, defense Counsel has refused to provide the undersigned Firm with their retainer agreement, other orders relevant to their hourly rate and proof that Defendant actually paid the fees sought.
[6]Due to copy and paste bad-faith billing discussed herein, $200/hr would be a reasonable rate for Ms. Stibolt for this matter.

per hour, in an FLSA matter, because the tasks performed were those "customarily assigned to associate or junior attorneys". Thus, the undersigned would request this Court to also implement such analysis when it reviews defense Counsel's billing records, and reduce the premium hourly rate regarding any tasks the Court believes could have been assigned to a junior attorney.[7] *See also* regarding paralegal hourly rates as Defendant herein seeks $185-225/hr., *First Fashion USA, 2010 WL 1610331 at \*4 (*citing cases)(quotations omitted) ("[a]bsent any information regarding [her] experience… the prevailing rate for a paralegal in this District is $100.00 per hour.").[8]

The R&R [DE 78, P.11] states that the undersigned be sanctioned "for the frivolous Complaint they filed in this action." Thus, the R&R limits any monetary sanctions to the Complaint, and does not impose sanctions further to anything that did not directly result from the one offensive allegation in the Complaint. In addition, in [DE 80, FN3], the Court in denying reconsideration addressed such issues and stated "**I recommended that Plaintiff's counsel be sanctioned for filing the *complaint*.**" Consequently, it seems very clear that the Magistrate's sanctions are very narrow, and only concern one of the allegations in the Complaint (i.e. the allegation that Plaintiff was **never** paid overtime, as opposed to the allegation that Plaintiff was not being paid overtime correctly). The Court in [DE78, FN7] even acknowledges that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate."

Therefore, the Court did not find that the whole case was frivolous in relation to a sanctions analysis.[9] Because the Magistrate's sanctions are very narrow, the monetary sanctions should be limited accordingly. As stated by Judge McAliley in *EMI Sun Vill.*, "[t]he Court then explicitly limited the Arnstein Defendants' recovery to fees and costs that directly resulted from the sanctioned conduct. [DE 135]. Because the Court did not authorize the award of the attorneys'

---

[7]*See also*, attached order in *Walker v. Iron Sushi LLC*, 17-61472-TORRES, [DE 42], at 2-14 (S.D. Fla. 2/7/18) where this Court awarded fees in the amount of $7,640 although a total of $27,627 was sought by two law firms that represented the plaintiffs in that case.
[8] *Key W. Tourist Dev. Ass'n v. Zazzle, Inc.,* No. 10-10100-CIV, 2013 WL 12248141, at \*1 (S.D. Fla. Jan. 9, 2013), *report and recommendation adopted,* No. 4:10-10100-CIV, 2013 WL 12248227 (S.D. Fla. Mar. 12, 2013); *Scelta v. Delicatessen Support Servs. Inc.,* 203 F.Supp.2d 1328, 1334 (M.D. Fla. 2002)(Paralegal fees are recoverable "only to the extent that the paralegal performs work traditionally done by an attorneys.").
[9]Even though defense Counsel is treating their fee Request as such.

fees and costs incurred in bringing the Rule 11 motion, I recommend the Court not award these fees." *EMI Sun Vill. v. Catledge*, No. 13-21594-CIV, 2016 WL 8674508, at *3 (S.D. Fla. Mar. 11, 2016). Thus, this Court should limit the monetary sanctions to the sanctioned conduct, and in the case at bar, the Magistrate limited same to the filing of the Complaint (not all other legal work thereafter that did not directly relate to the filing of the Complaint).[10]

In [DE 78], FN7, this Court acknowledged that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate", and Plaintiff was specifically claiming that said records were inaccurate. Concerning a "hindsight" analysis, there is no valid basis to argue that the initial allegation in the Complaint (that Plaintiff was **never** paid overtime) caused the defense to accrue all of the fees generated thereafter. Given that this Court, in [DE78, FN7], acknowledged that "[i]t is impossible to determine, from the record before this Court, whether Defendant's Weekly Time Sheets were entirely accurate", hindsight regarding continued prosecution appears to not even be an issue, because Plaintiff's Counsel had a good faith basis to prosecute this matter to determine if Plaintiff was at least owed **some** overtime (even though it was incorrect to allege in the Complaint that he was **never** paid overtime). *See also,* [DE78, FN7]("Defendant has not established that the assertion in the Statements of Claim, that Defendant owed Plaintiff $5.00 per hour for approximately 15 hours of overtimes per week, was objectively frivolous.").

This Court should severely reduce the Defendant's fee request[11] for Defendant's failure, through their time records, to demonstrate that any fees sought are clearly limited to legal work devoted to the defense against the specific and narrow allegation that Plaintiff was **never** paid overtime; any legal work expended towards any other defense aspect of this case (such arguing that Plaintiff was not owed **some** overtime) should not be compensable.

---

[10] As stated by Magistrate McAliley, "[m]oreover, they chose not to provide, as an alternative, the amount of fees incurred only in connection with the factual analysis of the damages claim. The Court cannot discern from the voluminous billing records the time properly attributable to the factual analysis of the damages claim, nor is it the Court's responsibility to do so. On this record, I recommend the Court not award the amount sought for factual investigation of the claims asserted in the Complaint." *EMI Sun Vill. v. Catledge*, 13-21594-CIV, 2016 WL 8674508, at *3 (S.D. Fla. Mar. 11, 2016). Thus, Defendant should not benefit from its Counsel's failure to identify those fees sought that are related to the legal work directly relevant to the frivolous claim.

[11] And certainly not to award fees for Defendant's sanctions motion which was virtually copied and pasted from prior cases and which was premised, in part, on an inapplicable Florida Statute!!

A "sanction under Rule 11 may include reasonable attorney fees. The principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal. *Jackson,* 875 F.2d at 1229. The district court must consider whether the complained of actions were brought promptly[12] to its attention (a question of mitigation). "Courts should impose the least severe sanction that is likely to deter." *Jackson,* 875 F.2d at 1230. Thus, in the case at bar, the Court should focus on deterrence and accordingly limit the fees imposed.

Moreover, Defendant served its Rule 11 Motion initially on September 2, 2016. [DE52] – almost two years after this case was initially filed in 2014! At said time, the deadline to amend pleadings as set forth in the Court's Scheduling Order [DE37] had well passed (6/12/16).

In addition, with respect to Rule 11 sanctions, another Federal court held that "[w]e therefore order plaintiff and his attorney to pay defendant's costs and attorneys' fees **incurred after** September 23, 2015, **the date defendant served its motion for sanctions** on the plaintiff." *Sansone v. Kormex Metal Craft, Inc*., 14 C 8418, 2016 WL 1529900, at *8 (N.D. Ill. Apr. 14, 2016). In the case at bar, as admitted by defense Counsel in [DE 70], "on August 3, 2016, counsel for Plaintiff was served with a copy of [the Rule 11] Motion (in draft form) and letter indicating the factual and legal basis for the [Rule 11] Motion." Therefore, as a starting point, no fees should be awarded regarding any legal work allegedly performed by defense Counsel prior to that date of August 3, 2016. However, as stated *supra*, any fees thereafter should be further limited to only legal work devoted to the defense against the specific and narrow allegation that Plaintiff was **never** paid overtime; any legal work expended towards any other defense aspect of this case (such arguing that Plaintiff was not owed **some** amount of overtime) should not be compensable. Moreover, the Court should focus on deterrence, rather than using an approach that merely determines whether the requested fees are supported by reasonable billing entries. *See*, Orlett, supra.

IN LIGHT OF THE AFORESAID, COUNSEL REQUESTS THAT THE COURT SIGNIFICANTLY REDUCE THE FEES TO BE IMPOSED AS ARGUED HEREIN-ABOVE AND AWARD NO MORE THAN $2,500 IN FEES.[13]

---

[12]Defendant served the Rule 11 Motion approximately (2) years after this case was filed.

[13]This will adequately address defense Counsel's bad faith copying and pasting significant pleadings (typos included), from prior cases and attempting to bill anew for the same in this case. As set forth in the attachments to this Response and the Chart of Objections as well.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ J.H. Zidell, Esq. ___
   J.H. Zidell, Esquire
   Florida Bar No.: 10121

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 6/27/18 TO:**

**DORI KATRINE STIBOLT, ESQ.
SUSANNE MARY CALABRESE, ESQ.
FOX ROTHSCHILD LLP
222 LAKEVIEW AVENUE, SUITE 700
WEST PALM BEACH, FL 33401
PH: 561-835-9600
FAX: 561-835-9602
EMAIL: DSTIBOLT@FOXROTHSCHILD.COM
SCALABRESE@FOXROTHSCHILD.COM**

**BY:_____/s/ J.H. Zidell_____
   J.H. ZIDELL, ESQ.**