

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-23388-CIV-MOORE/MCALILEY

ORLANDO ESTRADA,

                Plaintiff,

v.

FTS USA, LLC,

                Defendant.

_____/

## DEFENDANT'S ANSWER TO COMPLAINT
## UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS

Defendant, FTS USA, LLC ("FTS" or "Defendant"), by and through its undersigned

counsel, files this Answer to Plaintiffs' Complaint Under 29 U.S.C. 201-216 Overtime Wage

Violations ("Complaint") and states:

      1.     The allegations in paragraph 1 of the Complaint are legal conclusions to which no

response is required.  If a response is required, Defendant directs the Court to the actual statutes

for their full text and language.

      2.     Admits, upon information and belief, that Plaintiff was a resident of Miami-Dade

County, Florida.  Except as expressly admitted herein, Defendant otherwise denies the

allegations of paragraph 2 of the Complaint.

      3.     Admits that FTS is a limited liability company.  Further admits that FTS is

authorized to conduct business and did previously conduct business in this District including

Miami-Dade County.  Admits, that at certain times, Plaintiff was employed by FTS.  Except as

expressly admitted herein, Defendant otherwise denies the allegations of paragraph 3 of the

Complaint.

Case 1:14-cv-23388-KMM   Document 42   Entered on FLSD Docket 04/28/2016   Page 2 of 8

4.     Denies each and each and every allegation contained in paragraph 4 of the Complaint.

**RESPONSE TO: "COUNT I. FEDERAL OVERTIME WAGE VIOLATION"**

5.     Denies each and each and every allegation contained in paragraph 5 of the Complaint.

6.     Admitted for jurisdictional purposes only.

7.     The allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

8.     Admits that Plaintiff was employed by FTS as a technician from October 2012 to March 2014. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 8 of the Complaint.

9.     Admits that during Plaintiff's employment it employed individuals engaged in interstate commerce such that it is covered by the FLSA. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 9 of the Complaint.

10.     Admits that during Plaintiff's employment it employed more than two individuals engaged in interstate commerce such that it is covered by the FLSA. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 10 of the Complaint.

11.     Admits that during Plaintiff's employment its revenues were in excess of $500,000. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 11 of the Complaint.

12.     Admits that during Plaintiff's employment its revenues were in excess of $500,000. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 11 of the Complaint.

13.    Denies each and each and every allegation contained in paragraph 13 of the Complaint.

14.    Denies each and each and every allegation contained in paragraph 14 of the Complaint.

### DEFENSES

1.    Plaintiff's claims are barred in whole or part by exemptions, exclusions, exceptions, or credits provided in 29 U.S.C. §§ 207 and 213.  Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked.  And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

2.    Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259, to the extent that actions taken in connection with Plaintiff's employment were done in good faith in conformity with and reliance upon administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States of Labor. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked.  And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

3.    Plaintiff's claims and damages are barred in whole or in part by the provisions of 29 CFR 778.111.

ACTIVE 39312722v1                                   3

4.      Defendant states that all actions taken related to payment of Plaintiff's compensation, wages and withholdings thereto were made in good faith, and any purported violations of the FLSA are *de minimis*.  Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked.  And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

5.      Defendant states that Plaintiff was properly compensated under all applicable laws for any and all overtime work as demonstrated by Plaintiff's payroll records, which reflect repeated payment of overtime pay throughout his employment.

6.      Defendant states that to the extent any determination is made that wages or overtime compensation were ever owed or are owed to Plaintiff, and further, to the extent that it is determined that Plaintiff worked more than forty (40) hours in a work week and did not receive proper overtime compensation, such overtime was not specifically known by Defendant and, therefore, no liquidated damages would be owing for the nonpayment of such overtime compensation.  Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked.  And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

7.      Defendant states that the Complaint fails to state a cause of action sufficient to justify the award of liquidated damages in favor of Plaintiff.  Defendant FTS has and had

specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

8.      Defendant states that any activities that were for the sole benefit and convenience of Plaintiff do not constitute hours worked as defined by the FLSA.

9.      Defendant states that Plaintiff is estopped from claiming unpaid overtime compensation in that he was responsible for making, keeping, and reporting any alleged overtime hours he worked. Therefore, because Defendant relied upon Plaintiff's verified representations that he was paid all amounts due to him and because Plaintiff did not complain he was owed overtime or make a demand for wages during his employment, Plaintiff is now barred from bringing the claim he purport to make in this action.

10.     Defendant states that Plaintiff is estopped from claiming unpaid overtime compensation in that he received proper overtime compensation 35 weeks during his employment for those overtime hours that he reported as required by FTS' timekeeping policies.

11.     If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with FTS' timekeeping policies by not reporting or recording such overtime.

12.     If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with FTS' procedures to report errors in pay by not reporting such alleged errors.

13. If Plaintiff is able to show a violation of the FLSA, which is denied, Defendants are entitled to seek a set-off for paid but unearned wages.

14. Plaintiff has failed to meet his duty of properly mitigating any damages that he may have suffered (such damages are expressly denied); alternatively, any claim for relief must also be set off and/or reduced by wages, compensation, pay, commissions, benefits and all other earnings and remuneration, profit, and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with reasonable diligence.

15. While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

16. While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff's claims cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

17. While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

18. While it is not clear if Plaintiff is asserting a collective or class action, allowing this action to proceed as a collective action or as a class action would violate Defendant's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the

Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a class-wide basis.

19.     In addition to the foregoing defenses, Plaintiff's claims may be subject to additional defenses.

FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 804-4417
Facsimile: (561) 835-9602

*By: s/ Dori K. Stibolt*
Dori K. Stibolt
Florida Bar No. 183611
dstibolt@foxrothschild.com

*Counsel for Defendant FTS USA, LLCs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Dori K. Stibolt*
Dori K. Stibolt

## SERVICE LIST

*United States District Court*
*Southern District of Florida*
Case No. 1:14-cv-2338-KMM

| | |
|---|---|
| J.H. Zidell, P.A.<br>300 71st Street, # 605<br>Miami Beach, FL 33141<br>K. David Kelly<br>David.kelly38@rocketmail.com<br>Rivkah Fay Jaff<br>Rivkah.jaff@gmail.com<br>Jamie H. Zidell<br>zabogado@aol.com<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7176<br><br>*Attorneys for Plaintiff* | FOX ROTHSCHILD LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>Susanne M. Calabrese<br>scalabrese@foxrothschild.com<br>Telephone: 561-835-9600<br>Facsimile: 561-835-9602<br><br><br>*Attorneys for Defendant FTS USA, LLC* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 14-CV-21886-COOKE

IGNACIO SANCHEZ,

      Plaintiff,

vs.

FTS USA, LLC,

      Defendant.

_____/

## DEFENDANT FTS USA, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, FTS USA, LLC ("FTS" or "Defendant"), by and through its undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby file its Answer to Plaintiff Ignacio Sanchez's ("Plaintiff") Complaint, and states as follows:

### RESPONSE TO "PARTIES, JURISDICTION, AND VENUE"

1.      Admits, upon information and belief, that Plaintiff was and is a resident of Miami-Dade County, Florida. Further admits that Plaintiff was at certain times a non-exempt hourly employee of FTS. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 1 of the Complaint.

2.      Admits that FTS is a limited liability company. Further admits that FTS is authorized to conduct business and does conduct business in this District including Miami-Dade County. Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 2 of the Complaint.

3.      The allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

4.      Admitted for venue purposes only.

5.      Admitted for jurisdictional purposes only.

## RESPONSE TO " BACKGROUND FACTS"

6.      Admits that during Plaintiff's employment it was an enterprise covered by the FLSA as that term is defined by the statute.  Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 6 of the Complaint.

7.      Admits that during Plaintiff's employment it was in the business of providing cable installation services and that its revenues were in excess of $500,000.  Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 7 of the Complaint.

8.      Admits that during Plaintiff's employment it employed individuals engaged in interstate commerce such that it is covered by the FLSA.  Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 8 of the Complaint.

9.      Admits that Plaintiff was employed by Defendant as a field technician from January 2013 to February 2014.  Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 9 of the Complaint.

10.      Admits that during Plaintiff's employment it employed individuals engaged in interstate commerce such that it is covered by the FLSA.  Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 10 of the Complaint.

11.      Admits that time keeping records exist for Plaintiff and copies of those records are in Defendant's possession.  Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 11 of the Complaint.

2

12.     Admits that Plaintiff was paid on piece rate basis pursuant to 29 CFR 778.111.

Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 12

of the Complaint.

13.     Denies each and each and every allegation contained in paragraph 13 of the

Complaint.

14.     Denies each and each and every allegation contained in paragraph 14 of the

Complaint.

15.     Admits that Plaintiff was paid on piece rate basis pursuant to 29 CFR 778.111.

Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 15

of the Complaint.

16.     Plaintiff's Complaint does not include numbered paragraphs 16 – 25.

26.     Denies each and each and every allegation contained in paragraph 26 of the

Complaint.

27.     Defendant is without knowledge as to and, as such, denies the allegations

contained in paragraph 27 of the Complaint.

### **RESPONSE TO "COUNT I – FLSA OVERTIME VIOLATION"**

Defendant reincorporates and realleges its responses above as if set forth more fully

herein.

28.     Admits that Plaintiff was paid on piece rate basis pursuant to 29 CFR 778.111.

Except as expressly admitted herein, Defendant otherwise denies the allegations of paragraph 28

of the Complaint.

29.     Denies each and each and every allegation contained in paragraph 29 of the

Complaint.

3

ACTIVE 26302214v2

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.
Defendant further denies that Plaintiff is entitled to prosecute this action on behalf of any other
employees of Defendant.

## DEFENSES

1.      Plaintiff's claims are barred in whole or part by exemptions, exclusions,
exceptions, or credits provided in 29 U.S.C. §§ 207 and 213.  Defendant FTS has and had
specific and comprehensive time keeping procedures and policies such that Plaintiff was
responsible for making, keeping, and reporting any alleged overtime hours he worked.  And
further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and
policies and Plaintiff was compensated at a proper overtime rate for those hours.

2.      Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §
259, to the extent that actions taken in connection with Plaintiff's employment were done in
good faith in conformity with and reliance upon administrative regulations, orders, rulings,
approvals, interpretations, and written and unwritten administrative practices or enforcement
policies of the Administrator of the Wage and Hour Division of the United States of Labor.
Defendant FTS has and had specific and comprehensive time keeping procedures and policies
such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime
hours he worked.  And further, Plaintiff did report overtime hours pursuant to FTS' time keeping
procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

3.      Plaintiff's claims and damages are barred in whole or in part by the provisions of
29 CFR 778.111.

ACTIVE 26302214v2

4.      Defendant states that all actions taken related to payment of Plaintiff's compensation, wages and withholdings thereto were made in good faith, and any purported violations of the FLSA are *de minimis*. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

5.      Defendant states that Plaintiff was properly compensated under all applicable laws for any and all overtime work as demonstrated by Plaintiff's payroll records, which reflect overtime pay.

6.      Defendant states that to the extent any determination is made that wages or overtime compensation were ever owed or are owed to Plaintiff, and further, to the extent that it is determined that Plaintiff worked more than forty (40) hours in a work week and did not receive proper overtime compensation, such overtime was not specifically known by Defendant and, therefore, no liquidated damages would be owing for the nonpayment of such overtime compensation. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

7.      Defendant states that the Complaint fails to state a cause of action sufficient to justify the award of liquidated damages in favor of Plaintiff. Defendant FTS has and had

5

specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

8.      Defendant states that any activities that were for the sole benefit and convenience of Plaintiff do not constitute hours worked as defined by the FLSA.

9.      Defendant states that Plaintiff is estopped from claiming unpaid overtime compensation in that he was responsible for making, keeping, and reporting any alleged overtime hours he worked. Therefore, because Defendant relied upon Plaintiff's verified representations that he was paid all amounts due to him and because Plaintiff did not complain he was owed overtime or make a demand for wages during his employment, Plaintiff is now barred from bringing the claim he purport to make in this action.

10.     Defendant states that Plaintiff is estopped from claiming unpaid overtime compensation in that he received proper overtime compensation 45 weeks during his employment for those overtime hours that he reported as required by FTS' timekeeping policies.

11.     If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with FTS' timekeeping policies by not reporting or recording such overtime.

12.     If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with FTS' procedures to report errors in pay by not reporting such alleged errors.

6

ACTIVE 26302214v2

13.     If Plaintiff is able to show a violation of the FLSA, which is denied, Defendants are entitled to seek a set-off for paid but unearned wages.

14.     Plaintiff has failed to meet his duty of properly mitigating any damages that he may have suffered (such damages are expressly denied); alternatively, any claim for relief must also be set off and/or reduced by wages, compensation, pay, commissions, benefits and all other earnings and remuneration, profit, and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with reasonable diligence.

15.     While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

16.     While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff's claims cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

17.     While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

18.     While it is not clear if Plaintiff is asserting a collective or class action, allowing this action to proceed as a collective action or as a class action would violate Defendant's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the

ACTIVE 26302214v2

Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a class-wide basis.

19.     In addition to the foregoing defenses, Plaintiff's claims may be subject to additional defenses.

> FOX ROTHSCHILD LLP
> 222 Lakeview Avenue, Suite 700
> West Palm Beach, FL 33401
> Telephone: (561) 835-9600
> Facsimile: (561) 835-9602
>
> By: */s/ Dori K. Stibolt*
> Dori K. Stibolt
> Florida Bar No. 183611
> dstibolt@foxrothschild.com
>
> *Attorneys for Defendant FTS USA, LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Dori K. Stibolt*
Dori K. Stibolt

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

CASE NO:  14-CV-21886-MGC

| | |
|---|---|
| Fairlaw Firm<br>9130 S. Dadeland Blvd.<br>Suite 1500<br>Miami, FL 33156<br>Brian H. Pollock<br>brian@fairlawattorney.com<br>Telephone:  305-230-4884<br>Facsimile:  305-230-4844<br><br>*Attorneys for Plaintiffs* | FOX ROTHSCHILD LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>Telephone:  561-835-9600<br>Facsimile:  561-835-9602<br><br>*Attorneys for Defendant FTS USA, LLC* |

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-23071-MGC

YOSVANY UTRA,

      Plaintiff,

v.

FTS USA, LLC and
UNITEK USA, LLC,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COLLECTIVE ACTION COMPLAINT

Defendants, FTS USA, LLC ("FTS"), and Unitek USA, LLC ("Unitek", collectively "Defendants"), by and through undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby file their Answer and Affirmative Defenses to Plaintiff's Amended Collective Action Complaint ("Complaint"), and states as follows:

      1.    Admit Plaintiff Yosvany Utra ("Plaintiff") was an employee of FTS at certain times. Admit that Plaintiff attempts to bring this overtime action under the Fair Labor Standards Act, 29 U.S.C. § 20 (the "FLSA"), but deny that Plaintiff is entitled to any such relief. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants. Except as expressly admitted herein, Defendants otherwise deny the allegations of paragraph 1 of the Complaint.

      2.    Admit that Plaintiff was employed as a non-exempt employee by FTS. Further admit that Plaintiff was employed by FTS in Miami-Dade County, Florida which is within the jurisdiction and venue of this Court. Except as expressly admitted herein, Defendants otherwise deny the allegations of paragraph 2 of the Complaint.

1

3.      Admit that Plaintiff was hired by FTS in October 2012.  Except as expressly admitted herein, Defendants otherwise deny the allegations of paragraph 3 of the Complaint.

4.      Deny each and every allegation contained in paragraph 4 of the Complaint.

5.      Admit that FTS owns and operates a for profit company and does business in Miami-Dade County, Florida and employs certain individuals.  Defendants deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.  Further admit the allegations set forth in the last sentence of paragraph 5 of the Complaint for venue and jurisdiction purposes only, but deny that Plaintiff is entitled to any relief.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and therefore deny those allegations.  Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

7.      Admit that Plaintiff attempts to bring this overtime action under the FLSA and further admit that Plaintiff claims certain damages including attorneys' fees, but deny that Plaintiff is entitled to any such relief.  Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.  Except as expressly admitted herein, Defendants otherwise deny the allegations of paragraph 7 of the Complaint.

8.      Deny each and every allegation contained in paragraph 8 of the Complaint, FTS' explicit policy requires the employee to keep detailed records of their time, including any overtime, and then to turn those records in.  Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

9.      Deny each and every allegation contained in paragraph 9 of the Complaint, FTS' explicit policy requires the employee to keep detailed records of their time, including any

2

overtime, and then to turn those records in. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

10.     Admit the allegations set forth in the first sentence of paragraph 10 of the Complaint for jurisdiction purposes only, but deny that Plaintiff is entitled to any relief. Deny each and every allegation in the second sentence of paragraph 10 of the Complaint, Plaintiff has not asserted any state law claims.

11.     The allegations contained in paragraph 11 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendants admit the allegations in paragraph 11 of the Complaint.

12.     Deny each and every allegation contained in paragraph 12 of the Complaint. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

13.     Deny each and every allegation contained in paragraph 13 of the Complaint. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

14.     Deny each and every allegation contained in paragraph 14 of the Complaint. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

15.     Upon information and belief, Defendants admit the allegations contained in the first sentence of paragraph 15 of the Complaint. The allegations contained in the second sentence of paragraph 15 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendants deny each and every allegation contained in the second sentence of paragraph 15.

3

## RESPONSE TO "COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA"

16.     Defendants hereby repeat and reallege each and every admission, denial, averment and statement contained in paragraph 1 - 15 of this Answer with the same force and effect as though fully set forth here in full.

17.     Admit that Plaintiff was hired by FTS in October 2012.  Except as expressly admitted herein, Defendants otherwise deny the allegations of paragraph 17 of the Complaint.

18.     Admit that Plaintiff was employed as a non-exempt employee by FTS.  Except as expressly admitted herein, Defendants otherwise deny the allegations of paragraph 18 of the Complaint.

19.     Deny each and every allegation contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required.  If a response is required, Defendants admit that Plaintiff as a non-exempt employee was entitled to overtime pay pursuant to the FLSA.

21.     Deny each and every allegation contained in paragraph 21 of the Complaint. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

22.     Deny each and every allegation contained in paragraph 22 of the Complaint. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

23.     Deny each and every allegation contained in paragraph 23 of the Complaint. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

ACTIVE 23265683v1

24.     Deny each and every allegation contained in paragraph 24 of the Complaint. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

25.     Deny each and every allegation contained in paragraph 25 of the Complaint. Defendants further deny that Plaintiff is entitled to prosecute this action on behalf of any other employees of Defendants.

## DEFENSES

1.     Plaintiff's claims are barred in whole or part by exemptions, exclusions, exceptions, or credits provided in 29 U.S.C. §§ 207 and 213. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at an overtime rate for those hours.

2.     Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259, to the extent that actions taken in connection with Plaintiff's employment were done in good faith in conformity with and reliance upon administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States of Labor. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at an overtime rate for those hours.

5

3.      Defendants state that all actions taken related to payment of Plaintiff's compensation, wages and withholdings thereto were made in good faith, and any purported violations of the FLSA are *de minimis*. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at an overtime rate for those hours.

4.      Defendants state that Plaintiff was properly compensated under all applicable laws for any and all overtime work as demonstrated by Plaintiff's payroll records, which reflect overtime pay, which were previously provided to Plaintiff's counsel.

5.      Defendants states that to the extent any determination is made that wages or overtime compensation were ever owed or are owed to Plaintiff, and further, to the extent that it is determined that Plaintiff worked more than forty (40) hours in a work week and did not receive overtime compensation, such overtime was not specifically known by Defendants and, therefore, no liquidated damages would be owing for the nonpayment of such overtime compensation. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at an overtime rate for those hours.

6.      Defendants state that the Complaint fails to state a cause of action sufficient to justify the award of liquidated damages in favor of Plaintiff. Defendant FTS has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was

6

responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to FTS' time keeping procedures and policies and Plaintiff was compensated at an overtime rate for those hours.

7.     Defendants state that any activities that were for the sole benefit and convenience of Plaintiff do not constitute hours worked as defined by the FLSA.

8.     Defendants state that Plaintiff is estopped from claiming unpaid overtime compensation in that he was responsible for making, keeping, and reporting any alleged overtime hours he worked. Therefore, because Defendants relied upon Plaintiff's verified representations that he was paid all amounts due to him and because Plaintiff did not complain he was owed overtime or made a demand for wages during his employment, Plaintiff is now barred from bringing the claim he purport to make in this action.

9.     Defendants state that Plaintiff is estopped from claiming unpaid overtime compensation in that he received overtime compensation eighteen (18) weeks during his employment for those overtime hours that he reported as required by FTS' timekeeping policies.

10.     If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with FTS' timekeeping policies by not reporting or recording such overtime.

11.     If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with FTS' procedures to report errors in pay by not reporting such alleged errors.

12.     If Plaintiff is able to show a violation of the FLSA, which is denied, Defendants are entitled to seek a set-off for paid but unearned wages.

7

ACTIVE 23265683v1

13. In addition to the foregoing defenses, Plaintiff's claims may be subject to additional defenses. Defendants reserve the right to add such defenses upon completion of discovery.

WHEREFORE, Defendants, FTS USA, LLC and Unitek USA, LLC respectfully request entry of a final judgment in its favor and against Plaintiff on all claims and such other and further relief as is just and proper.

FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

By: /s/ Dori K. Stibolt
     Dori K. Stibolt
     Florida Bar No. 183611
     dstibolt@foxrothschild.com

*Attorneys for Defendants FTS USA,
LLC and Unitek USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Dori K. Stibolt
     Dori K. Stibolt

8

ACTIVE 23265683v1

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

CASE NO:  1:13- cv-23071-MGC

| | |
|---|---|
| JAFFE GLENN LAW GROUP, P.A.<br>12000 Biscayne Blvd., Suite 305<br>Miami, FL 33181<br>Andrew I. Glenn<br>aglenn@jaffeglenn.com<br>Jodi J. Jaffe<br>jjaffe@jaffeglenn.com<br>Telephone:  305-726-0060<br>Facsimile:  305-726-0046<br><br>*Attorneys for Plaintiff* | FOX ROTHSCHILD LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>Telephone:  561-835-9600<br>Facsimile:  561-835-9602<br><br>*Attorneys for Defendants FTS USA, LLC<br>and Unitek USA, LLC* |

9