# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-21400-WILLIAMS/TORRES

ADRIANA MARIA DE OLIVEIRA SA,

    Plaintiff,

v.

A-MACULATE CLEANING SERVICE,
INC., and BERNADETE FREEDMAN,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This matter is before the Court on a Motion for Attorney's Fees filed by Plaintiff ADRIANA MARIA DE OLIVEIRA SA (Plaintiff") on April 20, 2018. [D.E. 39]. Defendants A-MACULATE CLEANING SERVICE, INC. and BERNADETE FREEDMAN ("Defendants") filed a Response in Opposition to the Motion on May 9, 2018 [D.E. 41], and a Reply followed on May 14. [D.E. 42]. After due consideration, and following our review of the record before us and all relevant authorities governing the dispute, we hereby **RECOMMEND** that the Motion be **GRANTED in part** and **DENIED in part.**

### I.    FACTUAL BACKGROUND

Plaintiff brought suit against Defendants on April 13, 2017 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claiming violations of the

1

statute's overtime provisions. [D.E. 1]. On January 24, 2018, the undersigned held a settlement conference, whereby the parties agreed to settle the matter for $6,000.00. [D.E. 35, p. 4]. The Settlement Agreement, approved by this Court March 5, 2018, left open the question of prevailing party attorney's fees. *Id.*, pp. 4-5.

On April 4, 2018, Plaintiff filed a Motion seeking recovery of those fees, requesting a total award of $24,437.50. [D.E. 39]. Defendant filed a Response in Opposition to the Motion, setting forth several reasons why it should be denied outright, or at least significantly reduced. In particular, Defendant claims that the fees are excessive in light of what it argues is Plaintiff's "lack of success," in the matter. [D.E. 41, pp. 4-5]. Additionally, Defendant takes issue with Plaintiff's failure to provide a pre-suit demand, claiming that case law mandates that this failure requires reduction or denial of the Motion. *Id.*, pp. 6-7.

The matter is now fully briefed and ripe for disposition. For the reasons stated below, we find that Plaintiff's Motion should be granted in part, but that recovery should be reduced to an award of $9,338.50 in fees.

## II. APPLICABLE LEGAL PRINCIPLES

In the United States, the "American Rule" provides that "absent a contrary direction from Congress, the prevailing party in a litigation is not ordinarily entitled to recover attorney's fees from his opponent." *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1284 (S.D. Fla. 2008) (citing *Alyeska Pipeline Serv. Co. v. The Wilderness Society*, 421 U.S. 240, 247 (1975)). The FLSA, however, provides that a court "shall,

2

in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant," in addition to "costs of the action." 29 U.S.C. § 216(b). Thus, in FLSA cases, fee awards are mandatory for prevailing parties. *Kreager v. Soloman & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

The case law construing what can be deemed a "reasonable" fee applies uniformly to all federal fee-shifting statutes, *City of Burlington v. Dague*, 505 U.S. 557 (1992), and the Supreme Court has held that a party is considered the "prevailing party" for purposes of an attorney's fee award if a party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Assoc. v. Garland Indep. School Dist.*, 489 U.S. 782, 791 (1989). A settlement can and has been held sufficient to allow for a plaintiff to pursue attorney's fees as a prevailing party. *See Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1321 (11th Cir. 2002); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003) ("[A] court's approval of a settlement or retention of jurisdiction to enforce a settlement is a judicially sanctioned change in the legal relationship of the parties.").

When determining what constitutes a reasonable fee award in these cases, a court should begin by examining "the number of hours reasonably expended on the litigation multiplied be a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424,

3

433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services," and must be based on evidence submitted by the moving party supporting the hours worked and the rates claimed. *Id*. The resulting figure is known as the "lodestar" amount, which may be enhanced or reduced depending on the result obtained by the attorney. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1984). The Court itself is considered an expert on the question of attorney's fees and "may consider its own knowledge and experience concerning" what constitutes a "reasonable and proper" fee. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1291, 1303 (11th Cir. 1988).

### III. ANALYSIS

In total, Plaintiff seeks a fee award totaling $24,437, which is made up of the following: (1) 25.5 hours for attorney J.H. Zidell, at a rate of $390.00 per hour, totaling $9,945.00 billed to the file; (2) 35.1 hours for attorney K. David Kelly, at a rate of $350.00 per hour, for a total of $12,285.00 billed to the file; (3) 2.0 hours billed to Bruno Garofalo at a rate of $240.00 per hour, totaling $480.00 billed to the file; (4) 1 hour billed by Neil Tobak, at a rate of $290.00 per hour; (4) 5.0 hours billed by David Verchow, at a rate of $275.00 per hour, totaling $1,300.00 billed to the file; and (5) 0.5 hours billed by Alejandro Martinez at a rate of $275.00 per hour, totaling $137.50 billed to the file.[1]

---

[1] The Motion also attached records for billing performed by Natalie Staroschak, Esq. [D.E. 39-2]. Although not included in the table provided in Plaintiff's Motion, it appears that Plaintiff seeks to recover $4,186.00 billed by Ms. Staroschak. For

4

### *1.  Reasonable Fee*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for "similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). In determining the prevailing market rates, a court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment…the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Leon v. Atlass Systems Inc.*, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (citing *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)). The applicant bears the burden of producing evidence that the requested rate is in line with prevailing market rates, *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987), and such evidence, at minimum, must be "more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

We find the rates requested for Mr. Zidell to be reasonable. *See Benjamin v. VHU Express, Inc.*, 2017 WL 3448298, at *2 (S.D. Fla. Aug. 8, 2017) (awarding $395.00 per hour to attorney in FLSA case); *Araujo v. C.R.C. Care Rental, Inc.*, 2017 WL 3382315, *1 (S.D. Fla. Aug. 4, 2017) (finding rates of $395.00 for attorney with

---

reasons detailed below, we will not consider the figures sought with regard to Ms. Staroschak's work and it will not be part of the fee award in this case.

over 17 years' experience in FLSA matters to be reasonable); *Leon*, 2016 WL 1692107, *3 (awarding fees in the amount of $375.00 to attorney with reputation and experience litigating FLSA cases). Accordingly, Plaintiff's fee award will be set at the $395.00 rate sought by Mr. Zidell.[2] We likewise find the $90.00 per hour requested for Ms. Novick, the paralegal on the matter, to be reasonable.

Mr. Kelly's rate, however, is too high. We make this recommendation not for some purported lack of quality on the part of the individual lawyer; indeed, Mr. Kelly is an experienced FLSA attorney with a strong reputation for good work in this District. Our decision rests instead on the actual work performed by Mr. Kelly on the file. Our review of the records submitted in support of Plaintiff's Motion show quite clearly that almost all of that work involved tasks customarily assigned to associate or junior attorneys, including time billed for drafting and responding to discovery, analyzing legal issues raised throughout the proceedings, and reviewing the case file to move the litigation forward. [D.E. 39-1]. Because it would be reasonable to assign such tasks to a younger attorney rather than one billing at a premium rate, we feel that awarding fees at Mr. Kelly's requested partner rate would be inappropriate.

Accordingly, we find that Mr. Kelly's rate should be modified to a "blended" associate rate of $275.00 per hour. *See Hermosilla v. Coca-Cola Co.*, 2011 WL 9364952, *11 (S.D. Fla. July 15, 2011) (modifying rate of certain attorneys for, among

---

[2] For the reasons stated in the next section, a discussion of the rates sought by the other attorneys is unnecessary.

6

other reasons, performing tasks normally associated with junior-level attorneys); *Orenshtyn v. Citrix Systems, Inc.*, 558 F. Supp. 2d 1251, 1257 (S.D. Fla. 2007) ("Even if a party chooses to employ counsel of unusual skill and experience, the court awards the fee necessary to secure reasonably competent counsel."). Given our experience in this community, there are an abundance of experienced law firms that would employ associates to handle such tasks, even in circumstances where the opposing party "vigorously defends" against the allegations. *Medrano v. Mi Colombia Bakery, Inc.*, 2013 WL 1748403, *3 (S.D. Fla. Jan. 10, 2013). As a result, it is entirely appropriate for the Court to reduce Mr. Kelly's rate to a more reasonable amount. *Id.*

### 2. *Hours Reasonably Expended*

"The next step in computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.2d at 1299. Excessive, redundant, or otherwise unnecessary hours should be excluded from an attorney's fee request, as it would be unreasonable to bill a client – and therefore, one's adversary – for those hours "irrespective of the skill, reputation, or experience of counsel." *Id.* at 1301 (citing *Hensley*, 461 U.S. at 434)). Excluding work deemed excessive, unnecessary or redundant "must be left to the discretion of the district court." *Id.* "If applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). As such, we must review the records provided by counsel and, if those records show lack of billing judgment, "cut the

7

amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.*

We find the total number of hours requested by Plaintiff to be excessive and unreasonable. As an initial matter, the use of *seven* different attorneys on this case – which alleges a single, straightforward count pertaining to unpaid overtime – is patently inefficient, ineffective, and unreasonable. *See Hensley*, 461 U.S. at 434 (finding that a district court should exclude hours not "reasonably expended," including those in which "[c]ases may be overstaffed."). While we are aware that many of the hours sought by some of the junior attorneys on the case are *de minimus*, it still does not help to explain why so many attorneys were necessary to prosecute such a routine case. *See Vergara v. Davis Bancorp, Inc.*, 2011 WL 13220427, at *4 (S.D. Fla. May 20, 2011) ("The Court understands that it is sometimes more efficient to have more than one lawyer work on a case, especially when the second lawyer is a junior attorney with significantly lower billing rate. But that philosophy might explain the presence of two lawyers on a relatively routine FLSA case. It does not explain the involvement of four lawyers."). For this reason, we will exclude Mr. Garofalo, Mr. Tobak, Mr. Verchow, Mr. Martinez and Ms. Staroschak from the award. *Vergara*, 2011 WL 13220427 at *4.

The Court also finds that several of the billing entries submitted by Mr. Zidell and Mr. Kelly are excessive, redundant, and vague. *See Norman*, 836 F.2d at 1301 ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing

8

judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights."). For example, on April 13, 2017, Mr. Kelly spent 0.5 hours on work he described as follows: "Draft, Review, File." [D.E. 39-1, p. 1]. No further explanation is provided, and a similar entry can be found on April 24. *Id*. There are also countless redundant entries found in the billing records, including entries for internal "meetings" and "interoffice conferences" to discuss various routine tasks associated with the case, which include entries found on May 26, June 14, July 17, August 25, September 25 and 27, and December 20 and 26, 2017, in addition to 2018 entries found on January 18, February 21, March 7 and March 21. *Id*. To seek an award for this work, in addition to the excessive time spent on rote tasks that quite frankly should be second nature to a firm billing at the rates requested here, demonstrates a lack of "billing judgment" on the part of Plaintiff's counsel. We will not include any of these entries as part of the award. *See Norman*, 836 F.2d at 1301 ("In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court.").

Faced with this lack of billing judgment, the Court elects to follow the usual course and engage in a task-by-task examination of the hours billed to excise excessive, redundant, or vague entries that should not be part of the fee award. *See ACLU of Ga.*, 168 F.3d at 429. Following the "pruning" of those entries, *see id.* at 428,

9

we are left with the following hours by which Plaintiff's attorneys may be compensated: (1) 7.2 hours by Mr. Zidell; and (2) 22.5 hours by Mr. Kelly.

### 3. *Lodestar Adjustment*

Based on the foregoing analysis of the appropriate hourly rate and the number of hours expended, the Court's gross lodestar calculation comes to $9,338.50, in accordance with the following: (1) 7.2 hours billed at a rate of $390.00 per hour for Mr. Zidell, for a total of $2,808.00; (2) 22.7 hours billed at a rate of $275.00 for Mr. Kelly, for a total of $6,242.50; and (3) 3.2 hours at a rate of $90.00 per hour for Ms. Novick, totaling $288.00. We must now determine if an adjustment to the lodestar is appropriate.

In making a final determination on a request for an award of attorney's fees, the Supreme Court has made plain that "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. If a plaintiff's victory is limited, the lodestar should be reduced to reflect the limited result. *Norman*, 836 F.2d 1302; *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1548, 1350-51 (11th Cir. 2008) ("[A] downward adjustment to the lodestar is merited only if the party was partially successful in its efforts."). Thus, a district court may reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained. *Martinez v. Hernando County Sherriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014).

In light of this guidance, we look to the scope of the litigation as a whole, focusing on the significance of the overall results achieved in light of the hours

10

expended in pursuing the case. *See Parker v. Healthcare Investment Group, Inc.*, 272 F. Supp. 3d 1303, 1317 (S.D. Ala. 2017). With these considerations in mind, we find that neither a result-based enhancement nor a reduction to the lodestar amount is justified in this case.

## IV. CONCLUSION

For the reasons stated above, we **RECOMMEND** that Plaintiff's Motion be **GRANTED in part**, and that Plaintiff be awarded fees in the amount of $9,338.50. Defendants are ordered to pay Plaintiff the costs awarded within twenty (20) days of adoption of this Report and Recommendation by the Honorable Judge Kathleen M. Williams.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of June, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge