UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-23388-CIV-MOORE/MCALILEY

ORLANDO ESTRADA,

        Plaintiff,

v.

FTS USA, LLC,

        Defendant.
_____/

**DEFENDANT FTS USA, LLC'S RESPONSE TO PLAINTIFF'S COUNSEL'S OBJECTIONS TO THE REPORT AND RECOMMENDATION REGARDING SANCTIONS [D.E. # 108]**

Defendant, FTS USA, LLC ("FTS" or "Defendant") by and through its undersigned counsel pursuant to Rule 4 of the United States District Court Southern District Local Magistrate Judge Rules, files its Response in Opposition to Plaintiff's Counsel's Objections ("Objection", D.E. # 108) to the Report and Recommendation [D.E. # 98] and states as follows:

## BACKGROUND

1. See Defendant's D.E. #82 for a summary of the procedural and factual background in this matter.

## MEMORANDUM OF LAW

**A.  Plaintiff's Counsel Should Be Sanctioned under Rule 11.**

Plaintiff's Counsel's contends that he/it should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure because the Magistrate's concern stemmed from only one allegation in the Complaint (*i.e.*, the allegation that Plaintiff was **never** paid overtime). See D.E. #108.

However, the Magistrate Judge did not sanction Plaintiff's Counsel for minor syntactical

issues in the Complaint; but instead, Plaintiff's Counsel was sanctioned because the entire lawsuit, including all filings and discovery that followed the Complaint, was based on a pleading that Plaintiff's Counsel knew was frivolous.  Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable."  FED. R. CIV. P. 11, Advisory Committee Notes, 1993 Amendments.

Plaintiff's Counsel's Objection asserts there is only a minor difference between the claim that Mr. Estrada was never paid overtime as opposed to the claim of him not being paid overtime correctly.  However, Plaintiff's Counsel's argument is misplaced since neither Plaintiff nor his Counsel ever provided support for the latter claim nor litigated that claim.  Plaintiff's Counsel cannot avoid Rule 11 sanctions by arguing that if he had asserted a different claim, sanctions would not have attached to **that** claim.  Plaintiff's Counsel put forth a claim that Mr. Estrada was never paid overtime by FTS and then stuck to that claim over the course of two years despite the fact that Plaintiff's Counsel was well aware that the claim was frivolous.

Thus, based on allegation set forth in the Complaint, the Defendant litigated and defended against the claim set forth in the Complaint (that Mr. Estrada was never paid any overtime).  There is no way to separate the litigation from the Complaint such that Plaintiff's Counsel's argument that sanctions in this matter should somehow be limited to the Complaint alone can be accepted by this Court.  Plaintiff's Counsel's Objection must be rejected as it mischaracterizes and downplays the litigation that ensued based on the frivolous Complaint.  See D.E. #108.

Furthermore, Plaintiff's Counsel argues in its Objection that "the Court should evaluate the undersigned's conduct at the time of the filing of the complaint, prior to having the benefit of the documents produced by the Defendant."  However, such argument does not excuse Plaintiff's

Counsel's failure to "make 'an inquiry reasonable under the circumstances' prior to filing a pleading, written motion, or paper. FED. R. CIV. P 11(b)," which is required by Rule 11; *Wendy's Int'l, Inc. v. Nu-Cae Construction, Inc.*, 164 F.R.D. 694, 699 (M.D. Fla. Mar. 14, 1996). Here, Plaintiff's Counsel did not make any inquiry into Plaintiff's claim. Even a decent interview of Plaintiff would have revealed that Plaintiff regularly filled out time sheets reflecting overtime hours and that Plaintiff received compensation that varied each pay period (suggesting that Plaintiff had received overtime compensation). Plaintiff's Counsel did not review or ask about Plaintiff's bank records showing Plaintiff's pay or undertake any other reasonable inquiry prior to the filing of the Complaint.

Even if Plaintiff's Counsel is excused from not making a reasonable inquiry of whether Mr. Estrada was paid overtime prior to filing the Complaint, one cannot overlook the fact that throughout the proceedings, FTS provided Plaintiff's Counsel, on a repeated and regular basis, extensive documentation evidencing the overtime compensation paid to Mr. Estrada. In fact, FTS provided documentation to Plaintiff's Counsel shortly after Plaintiff's Complaint was filed documenting and demonstrating that Plaintiff's claim was frivolous. And still, despite this awareness, Plaintiff's Counsel continued to advocate for a claim that had no basis in fact or law from October 2014 through August 2016, in violation of Rule 11, causing Defendant to accrue additional attorneys' fees and litigation expenses.

Therefore, the Magistrate Judge was correct in recommending that the Plaintiff's counsel be sanctioned for filing a frivolous Complaint. D.E. #78; *Bautista v. Star Cruises,* 696 F. Supp. 2d 1274, 1278 (S.F. Fla. 2010) (noting "Rule 11 sanctions are warranted when a party demonstrates a 'deliberate indifference to obvious facts.'"); *see also Wendy's Int'l, Inc.*, 164 F.R.D. at 699 (stating that the "court has held that three types of conduct warrant the imposition

of Rule 11 sanctions: . . . and (3) when the party files a pleading in bad faith for an improper purpose").

**B.    Plaintiff's Counsel Applied the Incorrect Standard for Attorneys' Fees to Rule 11 Sanctions.**

Plaintiff's Objection spends extensive arguments focused on FTS' attorneys' fees claiming that FTS should not be entitled to its fees in this matter because FTS fees were somehow not reasonable. Such an argument should be rejected.

First, FTS did not overstaff or over litigate this matter. Discovery in this matter was kept to a minimum and FTS promptly served its Rule 11 Motion for Sanctions after the completion of Plaintiff's deposition in this matter. Notwithstanding FTS' counsel effort to keep attorneys' fees reasonable in this matter, FTS was required to comply with this Court's scheduling order(s) which required preparation and travel for a settlement conference, response to Plaintiff's Statement of Claim, response to Plaintiff's Amended Statement of Claim, preparation and travel for court mandated mediation, etc. Additionally, FTS' defense in this case was also reasonable in that the pleadings filed by FTS were limited, discovery was kept to a minimum, two depositions were taken, and FTS promptly filed its Rule 11 Sanction Motion and Motion for Summary Judgment upon the conclusion of discovery. Thereafter, FTS' attorneys' fees were driven up by Plaintiff's extensive post summary judgment litigation including multiple and duplicative pleadings directed to sanctions and costs. Plaintiff should not be permitted to run up Defendant's litigation costs and then claim they were somehow unreasonable.

Plaintiff's Counsel further contends that the Magistrate Judge should have considered a variety of factors, such as the number of hours reasonably expended on the litigation and the customary fee charged in the community for similar legal services, when determining whether Defendant's Counsel's fees were reasonable. See D.E. #108.

In the Magistrate Judge's Report and Recommendation ("R&R"), she found that the Defendant's Counsel established both elements needed to grant a motion for sanctions under Rule 11. D.E. #78. Upon determining that the Plaintiff's Counsel should be sanctioned under Rule 11, the Magistrate Judge used discretionary powers to sanction Plaintiff's Counsel by awarding Defendant part of its attorneys' fees incurred in the defense of the frivolous claim. Thereafter, the Magistrate Judge issued an Order Directing Defendant's Counsel to file FTS' Billing Records for this matter (D.E. # 93) ("Order") in order to determine the appropriate sanction amount. See D.E. # 93. The Magistrate Judge did not ask for additional information or expert affidavit or testimony regarding FTS' hourly rate or other factors traditionally considered in analyzing a motion for attorneys' fees.

After Defendant's Counsel submitted its Billing Records to the Court, the Magistrate Judge reviewed the documents and determined that Plaintiff's Counsel would be sanctioned by having to pay part of Defendant's attorneys' fees in this matter ($60, 000).

However, what Plaintiff's Counsel fails to realize is the Magistrate Judge awarded Defendant's partial attorneys' fees pursuant to a Rule 11 sanction, not pursuant to a typical attorneys' fee motion. Plaintiff's Counsel has applied the wrong standard in D.E. #108. Under Rule 11, federal courts possess inherent powers, which they may use, to "fashion an appropriate sanction for conduct which abuses the judicial process." *See Peer v. Lewis*, 571 Fed. Appx. 840, 844 (11th Cir. 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). The penalties under Rule 11 can range from "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* at 845; *see also* FED. R. CIV. P. 11 (c) (1) ("the court *may* impose an appropriate sanction" (emphasis supplied); FED. R. CIV. P. 11, Advisory Committee Notes, 1993 Amendment ("The court has significant discretion in

determining what sanctions, if any, should be imposed for a violation . . .")).

Plaintiff's Counsel's sanction was pursuant to Rule 11, where the Magistrate Judge had absolute discretion over how to determine the amount awarded. Thus, Defendant's Counsel's act of only providing its Billing Records to the Court was permissible because it was specifically what the Court asked Defendant to provide.

WHEREFORE, Defendant, FTS USA, LLC, respectfully requests entry of an Order overruling Plaintiff's Counsel's Objection and request entry of an Order upholding the Report & Recommendation which recommended Plaintiff's Counsel be sanction in this matter in the amount of $60,000 and for such other and further relief as is just and proper.

> Fox Rothschild LLP
> 777 South Flagler Drive
> Suite 1700 West Tower
> West Palm Beach, FL 33401
> Telephone: (561) 835-9600
> Facsimile: (561) 835-9602
>
> By: s/ Dori K. Stibolt
> Dori K. Stibolt
> Florida Bar No. 183611
> dstibolt@foxrothschild.com
>
> *Counsel for Defendant FTS USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26 day of October, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Dori K. Stibolt*
Dori K. Stibolt

## SERVICE LIST

*United States District Court*
*Southern District of Florida*
Case No. 1:14-cv-2338-KMM

| | |
|---|---|
| J.H. Zidell, P.A.<br>300 71st Street, # 605<br>Miami Beach, FL 33141<br>K. David Kelly<br>David.kelly38@rocketmail.com<br>Rivkah Fay Jaff<br>Rivkah.jaff@gmail.com<br>Jamie H. Zidell<br>zabogado@aol.com<br>Stephen M. Fox, Jr.<br>Stephen.fox.esq@gmail.com<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7176<br><br>*Attorneys for Plaintiff* | FOX ROTHSCHILD LLP<br>777 South Flagler Drive<br>Suite 1700 West Tower<br>West Palm Beach, FL 33401<br>Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>Susanne M. Calabrese<br>scalabrese@foxrothschild.com<br>Telephone:  561-835-9600<br>Facsimile:  561-835-9602<br><br>*Attorneys for Defendant FTS USA, LLC* |