UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-23388-KMM

ORLANDO ESTRADA,

    Plaintiff,

v.

FTS USA, LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiff's counsel's Objections ("Objections to July 20 R&R") (ECF No. 108) to Magistrate Judge McAliley's July 20, 2018 Report and Recommendation regarding the nature of sanctions against Plaintiff's counsel. ("July 20 R&R") (ECF No. 98). Defendant filed a response ("Response") (ECF No. 109) and Plaintiff filed a reply ("Reply") (ECF No. 110). The matter is now ripe for review.

**I.    BACKGROUND**[1]

This dispute arose out of Plaintiff's claim under the FLSA that Defendant failed to pay Plaintiff overtime wages. A brief procedural history is warranted. Defendant filed a Renewed Motion for Sanctions against Plaintiff's counsel. (ECF No. 70). The Court referred the Renewed Motion for Sanctions to the Honorable Chris M. McAliley, United States Magistrate Judge. (ECF No. 71). Plaintiff responded in opposition (ECF No. 73) and Defendant replied (ECF No. 74). Magistrate Judge McAliley issued a report and recommendation on January 23, 2018 recommending that Plaintiff's counsel be sanctioned pursuant to Rule 11 of the Federal

---

[1] The Court assumes familiarity with the underlying facts and most of the procedural history, which are set forth in Magistrate Judge McAliley's July 20 R&R. *See* July 20 R&R at 1–4.

Rules of Civil Procedure. ("Jan. 23 R&R") (ECF No. 78). Plaintiff filed objections to the Jan. 23 R&R. (ECF No. 81). The Court adopted Magistrate Judge McAliley's Jan. 23 R&R finding that Rule 11 sanctions were appropriate and ordered Defendant to file a memorandum regarding the nature of the sanctions. (ECF No. 85).

Defendant filed a Memorandum on the Nature of Sanctions. (ECF Nos. 86, 88). Plaintiff's counsel filed a Memorandum in Opposition. (ECF No. 92). Magistrate Judge McAliley recommended that Plaintiff's counsel pay $60,000 as partial compensation for Defendant's claimed attorneys' fees, an approximate one-third reduction of the $91,000 in fees claimed. ("July 20 R&R") (ECF No. 98). The Court adopted the R&R. (ECF No. 99).

Plaintiff's counsel filed a Motion to Vacate the Court's Order adopting the July 20 R&R arguing that it had not received the July 20 R&R or the Court's Order adopting the July 20 R&R and needed fourteen (14) days to object. (ECF No. 102). The Court declined to vacate its order but granted Plaintiff's counsel fourteen (14) days to file objections to the July 20 R&R. (ECF No. 103). Now before the Court is Plaintiff's counsel's objection to the July 20 R&R.

## II.  LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, if the objections are improper, in that they are "conclusory or general" or "simply rehash or reiterate the original briefs to the magistrate judge," *Rodriguez v. Colvin*, No. 12-CV-3931, 2014 WL 5038410, at *3 (S.D.N.Y. Sept. 29, 2014), that will not suffice to invoke a district court's de novo review of the magistrate judge's recommendations. In that scenario, a court need only review the magistrate judge's

report for clear error. *See Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987); *Faucette v. Comm'r of Soc. Sec.*, No. 13-CV-4851 (RJS) (HBP), 2015 WL 5773565, at *2 (S.D.N.Y. Sept. 30, 2015); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *5 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.") (quoting *Camardo v. Gen. Motors Hourly Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Review for clear error is warranted because "parties are not to be afforded a 'second bite at the apple' when they file objections to a R&R." *Camardo*, 806 F. Supp. at 382.

### III. DISCUSSION

Magistrate Judge McAliley recommended that Plaintiff's counsel be required to pay Defendant $60,000 in attorney's fees as partial compensation for fees incurred in defending the instant action. July 20 R&R at 23. In the objections now before the Court, Plaintiff's counsel argues that (1) he should not be sanctioned under Rule 11 of the Federal Rule of Civil Procedure because Magistrate Judge McAliley based the sanctions on only one allegation in the Complaint; (2) Rule 11 does not impose a continuing duty on counsel to amend previous pleadings when their factual or legal basis dissolves; and (3) the amount of sanctions awarded is excessive, unreasonable, and without basis. Objections to July 20 R&R at 2–3; Reply at 1–2.

#### A. The Court Will Not Consider Rehashed Arguments Already Addressed

As a preliminary matter, the Court notes that many of Plaintiff's counsel's objections to the July 20 R&R raise nearly identical arguments to those raised in Plaintiff's counsel's Motion for Reconsideration (ECF No. 79), which Magistrate Judge McAliley denied (ECF No. 80) and that were again raised in Plaintiff's counsel's Objections to the Jan. 23 R&R. The Court will not

entertain objections that merely rehash arguments previously made by Plaintiff's counsel and addressed by the Court. *See Rodriguez*, 2014 WL 5038410, at *3 (if objections are improper, in that they are "conclusory or general" or "simply rehash or reiterate the original briefs to the magistrate judge," that will not suffice to invoke a district court's de novo review of the magistrate judge's recommendations).[2] At this stage, any arguments regarding whether Rule 11 sanctions should be imposed are improper because, in March 2018, the Court adopted Judge McAliley's Jan. 23 R&R finding Rule 11 sanctions appropriate. (ECF No. 85). Plaintiff's counsel already had an opportunity to object to that Order and the issue of whether Rule 11 sanctions are appropriate is not before the Court now. The issue before the Court is merely whether the sanction imposed requiring Plaintiff's counsel pay $60,000 to defense counsel is a reasonable sanction under Rule 11.

### B.    Reasonableness of the Attorney's Fees

Plaintiff's counsel argues that the $60,000 sanction is not reasonable because Defendant's attorney's fees were not reasonable. Objections to July 20 R&R at 4. Under Rule 11, federal courts possess inherent powers to "fashion an appropriate sanction for conduct which abuses the

---

[2] Plaintiff's counsel argues that the Complaint could not be amended due to the applicable deadline, that Plaintiff met the minimal pleading requirements, and the course of litigation would not have been different had Plaintiff alleged the claims differently. In the Court's Order adopting the Jan. 23 R&R, the Court found that "Plaintiff could have amended the Complaint and Statement of Claim but did not do so–any argument pertaining to the deadlines set forth in the Court's Pretrial Order are unavailing and misleading." (ECF No. 85) at 3. Now months after the Court's previous Order, Plaintiff's counsel again argues that "[s]ince there is no clear obligation to amend earlier pleadings, the fact that the undersigned did not do so should not be a basis to sanction." Objections at 3 fn. 2. This argument will not be reconsidered. Additionally, Plaintiff's counsel argued in its Memorandum in Opposition to the nature of sanctions that the sanctioned conduct should be very narrow because it only concerns one allegation in the Complaint. (ECF No. 92) at 3. Magistrate Judge McAliley addressed this argument finding that it falsely characterized the Complaint, which only contained one count and noted that "it is troubling, particularly at this stage in these sanction proceedings, that Plaintiff's counsel misrepresents their Complaint." July 20 R&R at 6. Again here, Plaintiff's counsel raises an issue that Judge McAliley addressed. The Court finds no clear error on Judge McAliley's part.

judicial process." *See Peer v. Lewis*, 571 Fed. App'x 840, 844 (11th Cir. 2014).  When faced with large fee applications, "an hour-by-hour review is both impractical and a waste of judicial resources." *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  Plaintiff's counsel argued that certain arguments made by Defendant in support of sanctions were meritless and should not be included in the fee calculation.  Although Magistrate Judge McAliley could not ascertain with certainty what percentage of fees were claimed for making the alleged meritless arguments raised, Judge McAliley "re-reviewed the Renewed Motion for Sanctions and note[d] that well less than a third of the motion" addressed any meritless argument.  July 20 R&R at 22.  Judge McAliley further found that the meritless arguments "were almost entirely redundant of Defendant's Rule 11 argument." *Id.*  Based on this record, Judge McAliley concluded that it would be a waste of judicial resources to do a line-by-line analysis of defense counsel's billing records and instead made an across-the-board reduction of the requested fees.  Judge McAliley found this approach was particularly appropriate where the purpose of the fee award was to deter counsel from future Rule 11 violations. *Id.* at 23.  The Court concludes that Magistrate Judge McAliley's approach was reasonable and Plaintiff fails to raise any argument that warrants amendment of the Court's Order adopting the July 20 R&R.

      **C.**    **Future Deterrence From Similar Conduct**

Plaintiff's counsel also argues that any sanction award should be only reasonably necessary so as to deter a wrongdoer.  In the July 20 R&R, Magistrate Judge McAliley explained that available records showed that Plaintiff's counsel's firm has filed 1,905 lawsuits in this Court and pointed to several occasions when Plaintiff's counsel was sanctioned.  July 20 R&R at 16.  Despite being sanctioned on several occasions in the past, Plaintiff's counsel argues that the "recommended $60,000 is akin to using a sledge-hammer to kill a fly–all for an inartful/incorrect

allegation in the original complaint." Objections at 11. Magistrate Judge McAliley addressed this precise argument and included an entire section dedicated to addressing why these sanctions were necessary to deter Plaintiff's counsel. July 20 R&R at 15–17. Magistrate Judge McAliley found that "[t]his is a troubling record of repeated misconduct by Mr. Zidell and his law firm" noting that "[t]he Court has no reason to believe they have 'learned their lesson' and it has little hope that this Court's earlier order, that found Plaintiff's counsel violated Rule 11 in this case, standing alone, will lead them to conduct reasonable pre-suit investigations in the future." *Id.* at 15–16. Magistrate Judge McAliley pointed to Plaintiff's counsel's history of inadequate pre-suit inquiry, which has been sanctioned by this Court.

The Court does not find that Magistrate Judge McAliley's analysis was lacking, but rather Judge McAliley thoroughly examined the previous sanctions against Plaintiff's counsel and explained how this was relevant to her analysis. Additionally, the original Complaint is the only Complaint and the entire litigation resulting from the alleged "inartful" pleading has spanned almost four years, including continued objections to attorney's fees and costs. The Court concludes that Plaintiff's counsel fails to raise any argument that warrants declining adoption of the July 20 R&R.[3]

IV.    CONCLUSION

UPON CONSIDERATION of the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that

---

[3] Plaintiff's counsel also argues that Magistrate Judge McAliley "demonstrates a bias and a lack of judicial impartiality, not only against the undersigned Firm, but also apparently towards the entire plaintiffs' bar that represents workers in FLSA cases in this District." Objections to July 20 R&R at 13. The Court does not find this comment warranted and the instances of language provided by Plaintiff's counsel are taken out of context. Judge McAliley wrote a thorough and well-reasoned R&R for the Court. The mere fact that Magistrate Judge McAliley imposed sanctions does not support any suggestion of bias.

the Court's previous Order Adopting Magistrate Judge McAliley's July 20 R&R (ECF No. 99) remains in effect. Consistent with Magistrate Judge McAliley's R&R and the Court's Order Adopting the R&R, Jamie H. Zidell and the J.H. Zidell, P.A., shall pay Defendant $60,000 as a sanction. It is further ORDERED that, in accordance with the Court's previous Order (ECF No. 105), Plaintiff's counsel shall respond to Defendant's pending Motion for Entry of Final Judgment (ECF No. 101) on or before December 17, 2018.

DONE AND ORDERED in Chambers, at Miami, Florida this <u>10th</u> day of December, 2018.

*[signature]*

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All Counsel of record